Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Allen R. Vaught
avaught@baronbudd.com
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## SOUTHERN DIVISION – SANTA ANA

| | |
|---|---|
| SOFIA AVALOS, LOUIS BREAZIL, JARED CARROLL, ALVIN ENGLISH, and MAX COOVER on behalf of themselves and all others similarly situated,<br><br>　　　Plaintiffs,<br><br>　　　v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.<br><br>　　　Defendant. | Case No.: 8:18-cv-00871-DOC<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND ISSUANCE OF NOTICE**<br><br>Judge:　　　Hon. David O. Carter<br>Mag. Judge:　Hon. Jacqueline Chooljian<br>Date:　　　　September 10, 2018<br>Time:　　　　8:30 a.m.<br>Courtroom:　9D |

**PLEASE TAKE NOTICE** that, on September 10, 2018 at 8:30 a.m. in Courtroom 9D of this Court, located at the Ronald Reagan Federal Building, United States Courthouse, 411 West Fourth Street, Santa Ana, California, 92701, 9th Floor, Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, Alvin English, and Max Coover ("Plaintiffs"), on behalf of themselves and all others similarly situated will, and hereby do, move this Court to conditionally certify a collective action of similarly situated current and former hourly-paid employees of Papa John's who were required to complete mandatory online training off-the-clock, and who worked at any location in the United States from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves pursuant to the Fair Labor Standards ("FLSA") at 29 U.S.C. § 216(b) and *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989). Plaintiffs make this Motion on the grounds that there exist other individuals similarly situated to them who were (1) hourly paid, (2) required to complete mandatory online training at Papa John's, (3) but not paid at the federally-mandated minimum wage rate and similarly denied overtime premium pay for such online training time (the "Collective Action Class Members"). The existence of these similarly situated individuals justifies conditional certification of a collective action pursuant to the FLSA.

Plaintiffs also seek an order facilitating notice of this lawsuit to issue to all current and former hourly-paid employees who were required to complete mandatory online training off-the-clock, and who worked at any Papa John's location in the United States from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.

This Motion is supported by this Notice, the attached Memorandum of Points and Authorities in Support of the Motion; the Declaration of Melinda Arbuckle; the Declarations of Plaintiffs Sofia Avalos, Alvin English, Angela Hall Jean Soto, Louis Breazil, Ethan Fields, Brodie Lobb, Justin Carroll, Kristi Egan,

and Kristy Estes; all attached supporting exhibits; the pleadings filed in this action; and such other documentary and oral evidence or argument as may be presented to the Court at the hearing on this Motion.

For the reasons set forth in Plaintiffs' Memorandum of Points and Authorities in Support of this Motion for FLSA Collective Action Certification, Plaintiffs respectfully request that the Court (1) conditionally certify the proposed FLSA collective action, (2) direct the dissemination of notice of the pendency of the action by mail, email, text message, through various social media postings, and by posting at all Papa John's locations using the proposed Notice, and (3) direct Papa John's to produce the names and contact information for all Putative Collective Action Class Members to Counsel for Plaintiffs in electronic format.

This Motion is made following conference with counsel for Defendant pursuant to L.R. 7-3 on July 2, 2018. Defendant is opposed to this Motion.

Dated: August 7, 2018.

<div style="margin-left:40%;">

Respectfully submitted,

By:    s/Melinda Arbuckle
       Melinda Arbuckle

**BARON & BUDD, P.C.**
Allen R. Vaught (admitted *Pro Hac Vice*)
avaught@baronbudd.com
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

</div>

Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

Allen R. Vaught(admitted *Pro Hac Vice*)
avaught@baronbudd.com
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION – SANTA ANA**

| | |
|---|---|
| SOFIA AVALOS, LOUIS BREAZIL, JARED CARROLL, ALVIN ENGLISH, and MAX COOVER on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>      v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.<br><br>      Defendant. | Case No.: **8:18-cv-00871-DOC**<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CONDITIONAL CERTIFICATION OF FLSA COLLECTIVE ACTION AND ISSUANCE OF NOTICE**<br><br>Judge:      Hon. David O. Carter<br>Mag. Judge:  Hon. Jacqueline Chooljian<br>Date:       September 10, 2018<br>Time:      8:30 a.m.<br>Courtroom:  9D |

# <u>TABLE OF CONTENTS</u>

I.   SUMMARY ...................................................................................1

II.  BACKGROUND FACTS .............................................................2

   A.  Alleged FLSA Violation: Work Performed Off-the-Clock ...........6

   B.  Plaintiffs are Similarly Situated to the Putative Collective Action
       Class Members Nationwide. ......................................................10

III. ARGUMENT AND AUTHORITIES ...........................................11

   A.  Legal Standard. ........................................................................11

   B.  Plaintiffs Have Met Their Burden Under the Lenient Standard for
       Conditional Certification. ........................................................13

      1.  Potentially Individualized Defenses, If Any, Do Not Prevent
          Conditional Certification of this Case.....................................16

   C.  Courts Routinely Conditionally Certify Off-The-Clock FLSA Cases. .........17

   D.  The Statute of Limitations is Running on Putative Collective Action
       Class Members' Claims. ...........................................................19

   E.  Plaintiffs' Proposed Notice and Proposed Procedure for
       Dissemination of Notice of the Pendency of this Lawsuit Are Proper. .......19

      1.  The Notice Clearly Communicates to the Collective Action Class
          Members the Rights at Stake in this Litigation and Their Options. ...........20

      2.  Plaintiffs Request that Notice Be Sent via Mail, Email, Text
          Message, Posting, and Social Media (Facebook, LinkedIn, and
          Twitter) – Methods Commonly Approved in Similar FLSA Cases. ..........20

      3.  Plaintiffs' Other Requests Regarding the Notice Schedule. .......................22

IV.  CONCLUSION ............................................................................23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Adams v. Inter-Con Sec. Sys., Inc.*,
  242 F.R.D. 530 (N.D. Cal. 2007)..................................................................12, 15

*Bazzell v. Body Contour Ctrs., LLC*,
  No. C16-0202JLR, 2016 WL 3655274 (W.D. Wash. July 8, 2016) .................21

*Beauperthuy v. 24 Hour Fitness USA, Inc.*,
  No. 06-0715 SC, 2007 WL 707475 (N.D. Cal. Mar. 6, 2007) ..........................12

*Bhumithanarn v. 22 Noodle Mkt. Corp.*,
  No. 14-cv-2625 (RJS), 2015 WL 4240985 (S.D.N.Y. July 13,
  2015) ...................................................................................................................21

*Case v. Danos & Curole Marine Contractors, L.L.C.*,
  No. 14-2775, 2015 WL 1978653 (E.D. La. May 4, 2015) .................................22

*Cook v. United States*,
  109 F.R.D. 81 (E.D.N.Y. 1985) .........................................................................19

*Dyson v. Stuart Petrol. Testers, Inc.*,
  308 F.R.D. 510 (W.D. Tex. 2015) ......................................................................21

*Grayson v. K Mart Corp.*,
  79 F.3d 1086 (11th Cir. 1996) ...........................................................................19

*Harris v. Vector Mktg. Corp.*,
  753 F. Supp. 2d 996 (N.D. Cal. 2010) ...............................................................12

*Irvine v. Destination Wild Dunes Mgmt., Inc.*,
  132 F. Supp. 3d 707 (D.S.C. 2015) ...................................................................21

*Johnson v. Q.E.D. Envtl. Sys. Inc.*,
  No. 16-cv-01454-WHO, 2017 WL 1685099 (N.D. Cal. May 3,
  2017) ...................................................................................................................12

*Jones v. Cretic Energy Servs., LLC*,
  149 F. Supp. 3d 761 (S.D. Tex. 2015) ...............................................................21

*Keilholtz v. Lennox Hearth Prods. Inc.*,
  268 F.R.D. 330 (N.D. Cal. 2010) .......................................................................13

*Khadera v. ABM Indus. Inc.*,
  No. C08-0417 RSM, 2011 WL 7064234 (W.D. Wash. Dec. 1,
  2011) ...................................................................................................................14

*King v. ITT Cont'l Baking Co.*,
  No. 84 C 3410, 1986 WL 2628 (N.D. Ill. Feb. 18, 1986) .................................20

*Lewis v. Wells Fargo & Co.*,
  669 F. Supp. 2d 1124 (N.D. Cal. 2009) ........................................................12, 16

*Littlefield v. Dealer Warranty Servs., LLC*,
  679 F. Supp. 2d 1014 (E.D. Mo. 2010) ............................................................20

*Martin v. Sprint/United Mgmt. Co.*,
  No. 15 Civ. 5237 (PAE), 2016 WL 30334 (S.D.N.Y. Jan. 4, 2016) .................21

*Misra v. Decision One Mortg. Co., LLC*,
  673 F. Supp. 2d 987 (C.D. Cal. 2008) (Carter, J.)....................................11, 13

*Perrin v. Papa John's Int'l, Inc.*,
  No. 4:09CV01335 AGF, 2011 WL 4815246 (E.D. Mo. Oct. 11,
  2011) ................................................................................................................23

*Regan v. City of Hanahan*,
  No. 2:16-cv-1077-RMG, 2017 WL 1386334 (D.S.C. Apr. 17,
  2017) ................................................................................................................21

*Sandoval v. M1 Auto Collisions Ctrs.*,
  No. 13-cv-03239, 2016 WL 6561580 (N.D. Cal. Sept. 23, 2016) ...................14

*Smith v. Micron Elec., Inc.*,
  No. CV-01-244-S-BLW, 2005 WL 5328543 (D. Idaho Feb. 4,
  2005) ................................................................................................................19

*Stevens v. Datascan Field Servs, LLC*,
  No. 2:15-cv-00839-TLN-AC, 2017 WL 590250 (E.D. Cal. Feb. 14
  2017) ................................................................................................................19

*Thiessen v. Gen. Elec. Capital Corp.*,
  267 F.3d 1095 (10th Cir. 2001) .......................................................................13

*Woods v. Vector Mktg. Corp.*,
  No. C-14-0264 EMC, 2015 WL 1198593 (N.D. Cal. Mar. 16,
  2015) ................................................................................................................23

*Wynn v. National Broadcasting Company, Inc.*,
  234 F. Supp. 2d 1067 (C.D. Cal. 2002) (Wilson, J.) ........................................12

*Zaborowski v. MHN Gov't Servs., Inc.*,
  No. C 12-05109 SI, 2013 WL 1787154 (N.D. Cal. Apr. 25, 2013) .................16

**Federal Statutes**

29 U.S.C. § 256(b) ...............................................................................................19

**Rules**

Rule 23 ..................................................................................................................19

Plaintiffs' Memo ISO Motion for Conditional
Certification of FLSA Collective Action

## I.   SUMMARY

NOW COME Plaintiffs, who file this, their Motion for Conditional Certification of a FLSA Collective Action and Issuance of Notice (the "Motion"). By this Motion, Plaintiffs seek an order (1) conditionally certifying the collective action defined below, (2) directing distribution of notice of this action by mail, email, text message, through various social media postings, and by posting at all Papa John's locations nationwide as shown in the proposed Notice attached to this Motion, and (3) directing Defendant to produce to counsel for Plaintiffs the names and contact information of the putative Collective Action Class Members. Plaintiffs believe that there are thousands of individuals nationwide who are similarly situated to Plaintiffs.

Plaintiffs are entitled to this relief because they have substantially alleged a nationwide policy that potentially violates the FLSA. Specifically, Plaintiffs have pleaded that Defendant Papa John's International, Inc. ("Papa John's") requires all workers in the country, whether at a company or franchisee restaurant, to complete mandatory online training.[1] Plaintiffs/Opt-in Plaintiffs who worked for Papa John's around the country have substantially alleged that they were denied wages for time they spent completing this mandatory online training in violation of the FLSA.[2]

Plaintiffs have also pleaded that Papa John's maintains and closely analyzes records of: (1) the time each individual spends completing mandatory online training; (2) all hours worked by all individuals at all Papa John's locations; and (3) the wages received by each individual at all Papa John's locations.[3]

---

[1] ECF No. 43, ¶¶ 1, 5, 46, 48, 49, 56, 58, 59, 61, 62.
[2] *Id. See also, generally*, Exhibits B-K (Declaration of Plaintiffs/Opt-in Plaintiffs Sofia Avalos (California), Alvin English (New York), Angela Hall (Georgia), Jean Soto (New York), Louis Breazil (California), Ethan Fields (Arkansas), Brodie Lobb (Michigan), Justin Carroll (West Virginia), Kristi Egan (Louisiana), Kristy Estes (Kentucky).
[3] ECF No. 43, ¶¶ 45, 53, 54, 57; ECF No. 54, p. 28.

Case No. 8:18-cv-00871-DOC
Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action

Accordingly, Plaintiffs have pleaded that Papa John's knew or should have known that workers across the country were not compensated for time spent completing the online training it made mandatory.

Defendant disputes that it is an employer/joint employer of Plaintiffs and similarly situated workers at franchisee/licensed locations. However, Papa John's status as an employer/joint employer is a merits-based issue which may not be considered in the conditional certification inquiry.[4] Furthermore, in the event that Papa John's is found to be an employer/joint employer of Plaintiffs and similarly situated workers along with franchisee entities, Papa John's has an independent duty to ensure compliance with the FLSA.[5]

In sum, Plaintiffs did not receive all the wages due to them because of Papa John's failure to ensure payment for time spent completing mandatory online training. Papa John's failed to ensure compensation in compliance with the FLSA despite its admission that time spent completing such training is compensable time.[6]

## II.    BACKGROUND FACTS

Defendant operates company and franchise pizza delivery and carry-out restaurants that sell pizza and other food products from locations across the country. (ECF No. 43, ¶ 38). Plaintiffs and the putative class and collective action members are hourly-paid employees[7] of Papa John's who frequently work(ed) in

---

[4] *See, e.g., Watson v. Jimmy John's, LLC, et al.*, No. 15 C 6010, 2015 WL 8521293, at *3 (N.D. Ill. Nov. 30, 2015) ("[. . .] whether an entity is liable under the FLSA as a joint employer is a merits issue."); *Shaia v. Harvest Mgmt. Sub LLC*, 306 F.R.D. 268, 272 (N.D. Cal. 2015) ("The initial 'notice stage' is not the appropriate time for a court to evaluate the merits of plaintiffs' FLSA claims.")

[5] 29 C.F.R. § 791.2 ("[. . .] all joint employers are responsible, both individually and jointly, for compliance with all of the applicable provisions of the act [. . .]"). *See also, e.g., Johnson v. Serenity Transp., Inc.*, 141 F. Supp. 3d 974, 988 (N.D. Cal. 2015).

[6] ECF No. 43, ¶ 47; ECF No. 54, p. 25.

[7] Defendant disputes its status as an employer and/or joint employer.

excess of 40 hours per week, but do not receive compensation for all hours that they worked.

Defendant maintains control over all of its Papa John's locations nationwide to ensure uniformity. (*Id.*, ¶ 41). In that regard, all Papa John's employees undergo uniform corporate orientation and training using Defendant's online tools available at a specified website. (*Id.*, ¶¶ 41, 46). These online training materials, which include quizzes and modules, instruct Papa John's employees on how to deliver pizzas, greet customers, make pizzas, and other topics specific to Defendant's product and unique business model. (*Id.*, ¶ 4). Through its corporate training website, Defendant exercises strict control over the brand by providing employees nationwide with access to a plethora of information necessary for a consistent product (*i.e.*, Papa John's style pizza and Papa John's expected level of customer service) required and expected from all Papa John's restaurants regardless of location. (*Id.*, ¶¶ 1, 5, 46, 48, 49, 56, 58, 59, 61, 62.).

Moreover, its corporate training website serves as a way for Defendant to keep track of its individual employees including what information they have accessed to perform their job and training. (*Id.*, ¶ 41). Defendant's standardized training programs are not only aimed at its hourly paid employees, but also towards the management who implement the policies and practices that affect hourly paid employees at all Papa John's locations. (*Id.*). Thus, through the implementation of standardized training and support, Defendant can create a homogeneous environment where hourly paid employees operate under the same employment conditions. (*Id.*). In fact, through Defendant's "cookie-cutter"

---

However, "whether an entity is liable under the FLSA as a joint employer is a merits issue' and is therefore not an appropriate consideration at this stage in the case. *See Watson v. Jimmy John's, LLC, et al.*, No. 15 C 6010, 2015 WL 8521293, at *3 (N.D. Ill. Nov. 30, 2015).

Case No. 8:18-cv-00871-DOC
Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action

approach to brand management, Papa John's employees are able to seamlessly transition from location to location. (*Id.*).

Papa John's required Plaintiffs and other similarly situated hourly-paid employees at Papa John's locations nationwide to complete these training materials in addition to their day-to-day work, which often exceeds 40 hours per week. (*Id.*, ¶ 55). Because completion of these training materials was mandatory, Plaintiffs and other similarly hourly-paid employees at Papa John's locations nationwide were entitled to be paid for all time spent completing such training materials. Indeed, Papa John's has designated time spent completing its online training as compensable. The URL for Papa John's website for completion of mandatory training by Plaintiffs and employees at company and franchisee stores is at https://papajohns.csod.com/client/papajohns/default.aspx. (ECF No. 43, ¶ 46). As of August 7, 2018, that website contained text that reads: "Your time spent completing mandatory courses on this site as required by your manager is compensable time." (ECF No. 43, ¶ 47; ECF No. 54, p. 25.).

Plaintiffs and other employees at company and franchisee restaurants were not permitted to work until they completed compulsory online training. (ECF No. 43, ¶ 49). Furthermore, because Papa John's administered quizzes and tests on that website to gather data on retention of topics contained in the online training materials, employees at company and franchisee restaurants were not permitted to work until they received passing scores on the quizzes/tests. (*Id.*). In the event that an employee at a company or franchisee restaurant did not receive a passing score, the employee would have to retake the entire training module and receive a passing score before being cleared to return to work. (*Id.*). A failing score on a quiz/test was reported jointly to Papa John's and any relevant franchisee. (*Id.*). The failure to complete mandatory training could lead to discipline or termination of an employee

Case No. 8:18-cv-00871-DOC
Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action

at a company or franchise restaurant by either the franchisee at its independent election or Papa John's at its independent election. (*Id.*).

Papa John's maintained employment records for Plaintiffs and other employees at company and franchisee restaurants. (*Id.*, ¶ 53). Papa John's gave a unique username and password to each employee at all Papa John's locations, company and franchisee operated, so that those employees could access online training through its corporate website. (*Id.*). Papa John's received other identifying information, such as names, employee I.D. numbers, addresses, telephone numbers, and email addresses, about Plaintiffs and other employees at company and franchisee restaurants in connection with completion of online training, and at other times. (*Id.*). Papa John's retained records of the amount of time that training took to complete and whether training was completed by Plaintiffs and other employees at company and franchisee restaurants. (*Id.*). However, employees like Plaintiffs are or were required to complete these training materials without clocking in to a time clock or otherwise reporting the time they spend or spent completing such training materials. (*Id.*, ¶ 58). As a result, hourly-paid Papa John's employees, including Plaintiffs and the putative Class and/or Collective Action Members did not receive all minimum wage and/or overtime compensation for all hours worked when they completed mandatory online training off-the-clock. (*Id.*, ¶ 61).

Plaintiffs allege that Papa John's policy or practice of requiring completion of mandatory corporate online training was common across its facilities nationwide. (*Id.*, ¶ 59). Plaintiffs allege that because their employment experience was common with other hourly-paid employees, collective action treatment is proper. Plaintiffs now seeks to certify a collective action defined as follows:

> All current and former hourly-paid company and franchise employees of Papa John's who were required to complete mandatory online training off-the-clock, and who worked at any location in the United States from any time starting three years before a collective action may be conditionally certified until the date the case resolves.

1    (*Id.*, ¶ 81).

2           Because the proposed Collective Action Class Members are similarly

3    situated with respect to their FLSA claims, conditional certification under the

4    relevant lenient first stage standard is warranted. The Collective Action Class

5    Members perform similar primary job duties, are hourly paid, are required to take

6    the same online training courses through Papa John's corporate website, and were

7    required to train "off-the-clock," and as a result all were denied wages for hours

8    worked at locations nationwide. (*See generally*, Exhibits B-K (Declaration of

9    Plaintiffs/Opt-in Plaintiffs Sofia Avalos (California), Alvin English (New York),

10   Angela Hall (Georgia), Jean Soto (New York), Louis Breazil (California), Ethan

11   Fields (Arkansas), Brodie Lobb (Michigan), Justin Carroll (West Virginia), Kristi

12   Egan (Louisiana), Kristy Estes (Kentucky)).

13          Plaintiffs' substantial evidence provided to the Court in support of this

14   motion by Papa John's employees from approximately 21 states readily satisfies

15   the lenient "notice stage" FLSA conditional certification standard which applies at

16   this very early stage in the litigation. (*See* Exhibit A – Arbuckle Decl., Exhibit A-

17   1).

18   **A.    Alleged FLSA Violation: Work Performed Off-the-Clock**

19          The merits of Plaintiffs' off-the-clock FLSA claims are not relevant for

20   determining whether Plaintiffs are similarly situated at this initial stage in the

21   litigation. *See Centurioni v. City & Cty of San Francisco*, No. C07–01016 JSW,

22   2008 WL 295096, at *2 (N.D. Cal. Feb. 1, 2008). However, the elements of an

23   FLSA off-the-clock claim may inform the Court whether the Plaintiffs and the

24   putative Class Members are similarly situated for purposes of the claim. For that

25   singular purpose Plaintiffs provide the Court with a discussion concerning their

26   off-the-clock claims.

27

28

"In order to prevail on an [off-the-clock] compensation claim under the FLSA, a plaintiff 'must demonstrate that (1) he or she worked overtime without compensation and (2) the [employer] knew or should have known of the overtime work.' " *Richie v. Blue Shield of Cal.*, No. C-13-2693 EMC, 2014 WL 6982943, at *8 (N.D. Cal. Dec. 9, 2014) (citing *Allen v. Board of Pub. Educ. for Bibb Cty*, 495 F.3d 1306, 1314-15 (11th Cir. 2007); *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981) ("Thus an employer who knows or should have known that an employee is or was working overtime must comply with the provisions of § 207. An employer who is armed with this knowledge cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for overtime compensation.")).

With respect to the first *Forrester* requirement, amongst other common evidence, Plaintiffs will prove that work was performed by comparing the time logged training on Defendant's corporate website with the time records used to calculate wages paid, which will establish the fact that work was performed off-the-clock. This is precisely the type of common evidence appropriate to support certification, and, particularly at the early stage of FLSA conditional certification.

The second *Forrester* requirement, that the employer "knew or should have known" of the off the clock work, is also readily met here. Plaintiffs and the putative Class members accessed Defendant's online training using Papa John's corporate website. (App. p. 8 (Avalos Decl., ¶¶ 6-7), app. p. 15 (English Decl., ¶¶ 6-7), app. pp. 22-23 (Hall Decl., ¶¶ 6-7), app. p. 27 (Soto Decl., ¶¶ 6-7), app. p. 32 (Breazil Decl., ¶¶ 6-7), app. p. 40 (Fields Decl., ¶¶ 6-7), app. p. 45 (Lobb Decl., ¶¶ 6-7), app. p. 50 (Carroll Decl., ¶¶ 6-7), app. p. 55 (Egan Decl., ¶¶ 6-7), app. p. 60 (Estes Decl., ¶¶ 6-7). They received individual log-in information and a password to access training materials and after completion of training materials,

they were required to take a quiz or test to show that they had watched all of the training and that they had learned the topics contained in the training materials. (*Id.*). The website was capable of recording information regarding whether each Plaintiff had passed a quiz or test. (*Id.*). Not only does this common evidence show that Defendant knew or should have known that its hourly paid employees worked off-the-clock taking its mandatory training courses, but that Defendant was also aware *of the means* by which such off-the-clock work could be easily detected and deterred.

Defendant will likely argue that any off-the-clock worked was a direct consequence of local rogue managers disregarding wage laws, therefore it had no knowledge of unpaid work. Nonetheless, the motive behind this head in the sand defense is clear – Papa John's wants to avoid paying for online training performed on its website. "In reviewing the extent of an employer's awareness, a court need only inquire whether the circumstances were such that the employer either had knowledge of overtime hours being worked or else had the opportunity through reasonable diligence to acquire such knowledge." *Ketchum v. City of Vallejo*, 523 F. Supp. 2d 1150, 1163 (E.D. Cal. 2007). Furthermore, "[a]n employer is not excused merely because his business requires him to rely on subordinates and personal supervision is not possible." *Allen v. Bd. Of Pub. Educ.,* 495 F.3d 1306, 1321 (11th Cir. 2007). Here, the common evidence relevant to the initial conditional certification stage demonstrates that Defendant had <u>both</u> actual knowledge and the opportunity through reasonable diligence to acquire such knowledge. It is this institutional knowledge equally applicable to all of the putative class members, not the individual knowledge of a mere supervisor that enables Plaintiffs to meet their burden at this stage (and ultimately on the merits later in the case).

*Case in point*: In *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-CV-715, 2008 WL 793838, at *4 (N.D. Cal. Mar. 6, 2007), the defendants attempted to attribute the alleged requirements that certain plaintiffs work off-the-clock to "rogue managers" rather than corporate policy. Rejecting the defendants' argument, the court found that the plaintiffs' "declarations sufficiently alleged that, rogue or otherwise, the managers were following corporate policy in violation of the FLSA." *Id*.

Additionally, in opposition to conditional certification, and later in defense to the merits, Defendant is likely to tout a facially neutral workplace policy concerning off-the-clock work. Any argument paying lip service to a neutral workplace policy to report all work time is of no moment, because it is Defendant's _actual practice_ that is relevant – namely, Papa John's refusal to acknowledge and compensate for off-the-clock training performed by its employees on its corporate website. In any case, in this initial stage, such policies are not dispositive of collective certification and courts will not deny class certification based on evidence of a defendant's official policy against off-the-clock work. *See, e.g., Chabrier v. Wilmington Finance, Inc.*, No. 06–4176, 2006 WL 3742774, at *3 (E.D. Pa. Dec. 13, 2006).

*Case in point*: In *Longnecker v. American Express Co.*, 2:14–cv–0069–HRH, 2014 WL 4071662 (D. Ariz. Aug. 18, 2014), a plaintiff supplied four declarations from coworkers attesting to the fact that, notwithstanding defendant's formal policy barring off-the-clock work, they were required to arrive at defendant's call center 15 minutes before the start of their shift to start up their computer or they would be deemed late. *Id*. at *1. All four declarants similarly stated that they were informed by supervisors not to list this time on their time records because they would not be paid for it. *Id*. The court determined this was sufficient, because it showed that the employees "were all subject to the same

practice of not being compensated for work they were required to perform prior to their scheduled shift." *Id*. at \*4.

**B. Plaintiffs are Similarly Situated to the Putative Collective Action Class Members Nationwide.**

This case is in its inception with no discovery conducted between the Parties, yet the overwhelming evidence supports the assertion that Papa John's hourly-paid employees are similarly, if not identically, situated. Certainly the evidence adduced in this motion satisfies the lenient standard under the applicable law, set out below.

Specifically, Papa John's requires all of its workers at pizza-selling locations to complete online training. (App. p. 8 (Avalos Decl., ¶ 5), app. p. 15 (English Decl., ¶ 5), app. p. 22 (Hall Decl., ¶ 5), app. p. 26 (Soto Decl., ¶ 5), app. p. 32 (Breazil Decl., ¶ 5), app. p. 40 (Fields Decl., ¶ 5), app. p. 45 (Lobb Decl., ¶ 5), app. p. 50 (Carroll Decl., ¶ 5), app. p. 55 (Egan Decl., ¶ 5), app. pp. 59-60 (Estes Decl., ¶ 5)). This online training teaches hourly-paid workers how to complete various tasks as Papa John's corporate required so that Papa John's stores can create consistent products. (*Id.*). Plaintiffs accessed this training using Papa John's website. (App. p. 8 (Avalos Decl., ¶ 6), app. p. 15 (English Decl., ¶ 6), app. p. 22 (Hall Decl., ¶ 6), app. p. 27 (Soto Decl., ¶ 6), app. p. 32 (Breazil Decl., ¶ 6), app. p. 40 (Fields Decl., ¶ 6), app. p. 45 (Lobb Decl., ¶ 6), app. p. 50 (Carroll Decl., ¶ 6), app. p. 55 (Egan Decl., ¶ 6), app. p. 60 (Estes Decl., ¶ 6). They received individual log-in information and a password to access training materials. (*Id.*). The website did not provide any method to ensure that the hours employees spent participating in mandatory training were reflected on their paystub. (*Id.*). In fact, Plaintiffs did not receive any compensation for the hours they spent participating in training. (*Id.*).

After completion of training materials, Plaintiffs were required to take a quiz

Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action

or test to show that they had watched all of the training and that they had learned the topics contained in the training materials. (App. p. 8 (Avalos Decl., ¶ 7), app. p. 15 (English Decl., ¶ 7), app. p. 23 (Hall Decl., ¶ 7), app. p. 27 (Soto Decl., ¶ 7), app. p. 32 (Breazil Decl., ¶ 7), app. p. 40 (Fields Decl., ¶ 7), app. p. 45 (Lobb Decl., ¶ 7), app. p. 50 (Carroll Decl., ¶ 7), app. p. 55 (Egan Decl., ¶ 7), app. p. 60 (Estes Decl., ¶ 7). The website was capable of recording information regarding whether Plaintiffs had passed a quiz or test. (*Id.*).

As is clearly evident, Defendant's allegedly violative policy applied uniformly to all of its hourly-paid employees nationwide. (*See generally*, ECF No. 43, Exhibits B-K (Declaration of Plaintiffs/Opt-in Plaintiffs Sofia Avalos (California), Alvin English (New York), Angela Hall (Georgia), Jean Soto (New York), Louis Breazil (California), Ethan Fields (Arkansas), Brodie Lobb (Michigan), Justin Carroll (West Virginia), Kristi Egan (Louisiana), Kristy Estes (Kentucky)).). To date, there are approximately 50 Opt-in Plaintiffs from approximately 21 states who have joined this case alleging identical unpaid training allegations. (*See* Exhibit A – Declaration of Melinda Arbuckle, Exhibit A-1). As shown in this Motion, the "similarly situated" requirement does not mean "identical." However, these workers did in fact perform online training under the identical scheme, and they were universally denied pay for training on Papa John's corporate website.

### III.   ARGUMENT AND AUTHORITIES

#### A.   Legal Standard.

The FLSA specifically contemplates similarly situated employees joining together on a collective action basis to bring a claim against an employer who has allegedly violated the FLSA. *See* 29 U.S.C. § 216(b).

Collective action certification under the FLSA is a two-step process. *Misra v. Decision One Mortg. Co., LLC*, 673 F. Supp. 2d 987, 992-93 (C.D. Cal. 2008)

(Carter, J.); *Lewis v. Wells Fargo & Co.*, 669 F. Supp. 2d 1124, 1127-28 (N.D. Cal. 2009) (citing cases). At the initial "notice stage" – the current stage of this case – the court determines, on the basis of pleadings and affidavits, whether plaintiffs and putative collective action members are similarly situated, justifying certification of a collective action "for the purpose of sending notice of the action to potential class members." *Lewis*, 669 F. Supp. 2d at 1127. If a court finds that this standard is met, it conditionally certifies the case as a collective action and orders dissemination of notice to the collective action members, allowing them an opportunity to affirmatively opt in by filing consent to join forms. *Wynn v. National Broadcasting Company, Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002).

The case then proceeds as a representative action throughout discovery. At the conclusion of discovery, "the party opposing the certification may move to decertify the class." *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). Neither stage of the certification process is an opportunity for a court to make credibility determinations or resolve the case on its merits. *See Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1005 (N.D. Cal. 2010).

This case is presently postured at the initial "notice stage" as the Parties have not engaged in discovery and the record before the Court presently consists solely of the pleadings and the affidavits and limited evidence filed in connection with this Motion. *See Adams*, 242 F.R.D. at 536; *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-0715 SC, 2007 WL 707475, at *5 (N.D. Cal. Mar. 6, 2007).

"The 'notice' stage determination of whether the putative collective action members will be similarly situated is made under a 'fairly lenient standard' which typically results in conditional certification." *Johnson v. Q.E.D. Envtl. Sys. Inc.*, No. 16-cv-01454-WHO, 2017 WL 1685099, at *3 (N.D. Cal. May 3, 2017). *See also*, *Sanchez v. Sephora USA, Inc.*, No. 11-03396 SBA, 2012 WL 2945753, at *2

(N.D. Cal. July 18, 2012); *Misra,* 673 F. Supp. 2d at 993. "On a motion for class certification, the Court makes no findings of fact and announces no ultimate conclusions on Plaintiffs' claims" therefore "the Court may consider evidence that may not be admissible at trial." *Keilholtz v. Lennox Hearth Prods. Inc.*, 268 F.R.D. 330, 337 n.3 (N.D. Cal. 2010).

Courts should conditionally certify collective actions and issue notice where a plaintiff can demonstrate through "substantial allegations" that putative collective action members were similarly situated to the plaintiff and "were together victims of a single decision, policy or plan" that violated the FLSA. *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1108 (10th Cir. 2001), *Misra,* 673 F. Supp. 2d at 993 (citations and quotations omitted).

**B.   Plaintiffs Have Met Their Burden Under the Lenient Standard for Conditional Certification.**

*First*, Plaintiffs have shown that they and the putative Collective Action Class Members who worked at Papa John's locations across the United States were subject to the same policy or practice of performing online training on Papa John's corporate website without pay despite Papa John's having knowledge of the off-the-clock training. (*See* app. pp. 8-9 (Avalos (California) Decl., ¶¶ 5-12), app. pp. 15-16 (English (New York) Decl., ¶¶ 5-12), app. pp. 22-23 (Hall (Georgia) Decl., ¶¶ 5-12), app. pp. 26-28 (Soto (New York) Decl., ¶¶ 5-12), app. pp. 32-33 (Breazil (California) Decl., ¶¶ 5-12),app. pp. 40-41 (Fields (Arkansas) Decl., ¶¶ 5-12), app. pp. 45-46 (Lobb (Michigan) Decl., ¶¶ 5-12), app. pp. 50-51 (Carroll (West Virginia) Decl., ¶¶ 5-11), app. pp. 55-56 (Egan (Louisiana), Decl., ¶¶ 5-12), app. pp. 59-61 (Estes (Kentucky) Decl., ¶¶ 5-12)).

*Second*, Plaintiffs have shown that Defendant's policy *or* practice of requiring its hourly paid workers to train on its website off-the-clock potentially violates the FLSA. Specifically, Plaintiffs and the putative Class members

accessed Defendant's online training using individual log-in information and a password to access training materials and after completion of training materials, they were required to take a quiz or test to show that they had watched all of the training and that they had learned the topics contained in the training materials. (App. p. 8 (Avalos Decl., ¶¶ 6-7), app. p. 15 (English Decl., ¶¶ 6-7), app. pp. 22-23 (Hall Decl., ¶¶ 6-7), app. p. 27 (Soto Decl., ¶¶ 6-7), app. p. 32 (Breazil Decl., ¶¶ 6-7), app. p. 40 (Fields Decl., ¶¶ 6-7), app. p. 45 (Lobb Decl., ¶¶ 6-7), app. p. 50 (Carroll Decl., ¶¶ 6-7), app. p. 55 (Egan Decl., ¶¶ 6-7), app. p. 60 (Estes Decl., ¶¶ 6-7). The website was capable of recording information regarding whether Plaintiffs had passed a quiz or test. (*Id.*). Not only does this common evidence presented by Plaintiffs at this early stage in the case show that Defendant knew or should have known that its hourly paid employees worked off the clock, but that they were also aware *of the means* by which such off-the-clock work could be easily detected and deterred. Regardless, Papa John's failed to pay Plaintiffs for work performed – work Defendant admits is compensable – in violation of the FLSA.

*Third*, Plaintiffs have shown that they and the putative Collective Action Class Members at Papa John's locations across the country were similarly situated in all respects relevant to the FLSA. Specifically, "similarly situated" does not need to mean "identically situated." *See, e.g.*, *Sandoval v. M1 Auto Collisions Ctrs.*, No. 13-cv-03239, 2016 WL 6561580, at *6 (N.D. Cal. Sept. 23, 2016) ("However, 'the similarly situated standard of § 216(b) of the [FLSA] does not require that [collective action members] be identical.") (quoting *Khadera v. ABM Indus. Inc.*, No. C08-0417 RSM, 2011 WL 7064234, at *2 (W.D. Wash. Dec. 1, 2011). Nonetheless, Plaintiffs and the putative Collective Action Class Members were all hourly paid workers whose *primary* job duties involved preparing and delivering pizza at Papa John's locations nationwide. (App. pp. 7-8 (Avalos Decl.,

¶¶ 1-4), app. pp. 14-15 (English Decl., ¶¶ 1-4), app. pp. 21-22 (Hall Decl., ¶¶ 1-4), app. p. 26 (Soto Decl., ¶¶ 1-4), app. p. 31 (Breazil Decl., ¶¶ 1-4), app. p. 39 (Fields Decl., ¶¶ 1-4), app. p. 44 (Lobb Decl., ¶¶ 1-4), app. p. 49 (Carroll Decl., ¶¶ 1-4), app. pp. 54-55 (Egan Decl., ¶¶ 1-4), app. p. 59 (Estes Decl., ¶¶ 1-4). Furthermore, Plaintiffs and the putative Collective Action Class Members were not paid any wages by Defendant when performing online training on the same corporate website. (*See* app. pp. 9-10 (Avalos (California) Decl., ¶¶ 12, 13), app. pp. 16-17 (English (New York) Decl., ¶¶ 12, 13), app. p. 23 (Hall (Georgia) Decl., ¶¶ 12, 13), app. p. 28 (Soto (New York) Decl., ¶¶ 12, 13), app. pp. 33-34 (Breazil (California) Decl., ¶¶ 12, 13), app. pp. 41-42 (Fields (Arkansas) Decl., ¶¶ 12-13), app. p. 46 (Lobb (Michigan) Decl., ¶¶ 12, 13), app. pp. 51-52 (Carroll (West Virginia) Decl., ¶¶ 11-12), app. pp. 56-57 (Egan (Louisiana), Decl., ¶¶ 12, 13), app. p. 61 (Estes (Kentucky) Decl., ¶¶ 12-13)).

In addition, Plaintiffs need not categorically demonstrate that an hourly paid worker at each and every Papa John's location was required to train online off-the-clock in order to certify a nationwide class. *See Adams*, 242 F.R.D. at 537 ("[T]he named plaintiff must demonstrate that there existed **at least one** similarly situated person at a facility other than his own" to warrant company-wide notice) (emphasis added). Rather, Plaintiffs' declarations from individuals across the country regarding their experience and what they observed others experience regarding off-the-clock website training provide a sufficient basis for this Court to order notice be issued per Plaintiffs' proposed class definition. (App. pp. 6-62 (Exhibits B-K). Here, prior to notice the Court has been provided with supporting declarations from 10 individuals from different Papa John's locations from 8 states. (*Id.*). Moreover, over 50 workers have opted-in to the lawsuit before notice from 22 states. (*See* Exhibit A – Arbuckle Decl., Exhibit A-1). Although the case is at its

early stages, there already exists ample evidence in the record to warrant conditional certification.

Accordingly, Plaintiffs and the putative Collective Action Class Members are a cohesive and homogenous group all subject to the same policy or practice of being required to train on Papa John's corporate website off-the-clock. It is well-settled that at this "fairly lenient" notice stage of the proceedings, the 10 sworn statements from Plaintiffs and the approximately 45 other current and former hourly paid Papa John's employees who worked in and outside California that have joined this case more than suffice as evidence that the putative Collective Action Class Members are similarly situated for all purposes relevant to this motion. *See Lewis*, 669 F. Supp. 2d at 1128.

### 1. Potentially Individualized Defenses, If Any, Do Not Prevent Conditional Certification of this Case.

Given the across-the-board FLSA violations by Papa John's as to all of its hourly paid workers at its locations nationwide, it is unlikely that there will be any truly individualized defenses in this case. *See, e.g., Zaborowski v. MHN Gov't Servs., Inc.*, No. C 12-05109 SI, 2013 WL 1787154, at *4 (N.D. Cal. Apr. 25, 2013) (certifying a class of workers who shared a job title, performed similar job duties, were governed by the same contract purporting to create an independent contractor employment relationship, and who were denied overtime wages on the basis of that contract). Moreover, any individualized defenses, if any, is a merits-based argument which should be dealt with at the next stage.

Indeed, individually based merits arguments are routinely rejected by courts at the conditional certification stage. For example, in *Gilbert v. Citigroup, Inc.*, No. 08-CV-385, 2009 WL 424320, at *4 (N.D. Cal. Feb. 18, 2009), the defendant contended that "determining 'off-the-clock' issues necessarily involves individualized inquiries, which requires the Court to deny conditional

certification." The *Gilbert* court rejected the defendants' argument about individualized inquiries as a basis to deny conditional certification, and declared, "[u]nder the two-stage certification procedure, Defendants can present this evidence and make these arguments as part of a motion to decertify the class once discovery is complete." *Id.* (citing *Escobar v. Whiteside Constr. Corp.*, No. 08-CV-1120, 2008 WL 3915715, at *5 (N.D. Cal. Aug. 21, 2008); *Leuthold*, 224 F.R.D. at 467)).

## C.   Courts Routinely Conditionally Certify Off-The-Clock FLSA Cases.

"[A]ctions with off-the-clock allegations are suitable for collective action certification." *Adams v. Inter-Con Sec. Systems, Inc.*, 242 F.R.D. 530, 537 (N.D. Cal. April 11, 2007); *See, e.g., Pereira v. Foot Locker, Inc.*, No. 07-CV-2157, 2009 WL 2951028, at *5-*8 (E.D. Pa. Sept. 11, 2009) (granting nationwide conditional certification upon a finding that non-exempt, hourly-paid retail employees were all subject to defendant's policy of strictly enforcing labor hours that were not adequate to do the work of the store); *Falcon v. Starbucks Corp.*, 580 F. Supp. 2d 528, 536 (S.D. Tex. Jan. 15, 2008) (denying defendants' motion to decertify a conditionally certified class, finding non-exempt, hourly-paid assistant store managers similarly situated in that they were all subject to defendant's unwritten policy of encouraging or allowing them to work off-the-clock in order to control overtime costs); *Wilks v. Pep Boys*, No. 02- CV-837, 2006 WL 2821700, at *5-*6 (M.D. Tenn. Sept. 26, 2006) (granting non-exempt, hourly paid plaintiffs' cross-motion for summary judgment seeking an order that they were similarly situated, upon a showing that defendant deprived them of overtime compensation by requiring them to work off-the-clock); *Gilbert v. Citigroup, Inc.*, No. 08-CV-385, 2009 WL 424320, at * 2 (N.D. Cal. Feb. 18, 2009) (finding that plaintiff, a non-exempt, hourly-paid employee, had met her burden for conditional certification of a collective action through her submission of (1) sworn declarations showing that

she and other employees at different locations throughout California shared the same or similar job responsibilities and (2) a document indicating that employees throughout the country were subject to the same variable compensation plan); *Beauperthuy v. 24 Hour Fitness USA, Inc.*, No. 06-CV-715, 2007 WL 707475, at *6 (N.D. Cal. Mar. 6, 2007) (granting plaintiffs' motion for court facilitated notice to a nationwide class of non-exempt, hourly-paid Personal Trainers who submitted declarations alleging that their employer set strict quotas on the number of hours each employee could spend on particular activities so that the total hours per week never exceeded forty while also informing them that numerous tasks were part of their job and had to be completed, even if done off-the-clock).

Notably, courts have granted conditional certification even where the plaintiffs' work experiences differed. *See Hallissey v. America Online, Inc.*, No. 99-CV-3785, 2008 WL 465112, at *2 (S.D.N.Y. Feb. 19, 2008) (granting conditional certification where the defendant pointed out differences in plaintiffs' work experiences, finding that "the fact that employees worked a variety of different jobs in a number of different departments at different locations [did not] preclude class treatment."); *Realite v. Arks Rests. Corp.*, 7 F.Supp.2d 303 (S.D.N.Y. 1998) (finding that plaintiffs were similarly situated despite working at fifteen different restaurants and holding a variety of different positions). Here, to the extent Papa John's attempts to show any factual dissimilarities amongst the Plaintiffs, such issues are more properly considered after conditional certification of a class. *See Andrako v. U.S. Steel*, No. 07-CV-1629, 2009 WL 2855662, at *5 (W.D. Pa. Sept. 2, 2009) ("Any variations, exceptions, or other factual dissimilarities are more appropriately evaluated in the second stage of class certification, after discovery is complete."). And, any minor variations in job duties have no bearing on whether the Class Members (who are all hourly paid) are entitled to be paid for each and every hour worked, including training time.

As in the cases cited above, here, Plaintiffs have submitted evidence demonstrating that all of them (as well as the putative Class members) were subject to the same policy or practice of being required to train on Papa John's corporate website off-the-clock. The evidence before the Court is sufficient to satisfy Plaintiffs' first stage conditional certification burden.

**D.    The Statute of Limitations is Running on Putative Collective Action Class Members' Claims.**

In contrast with Rule 23 class actions, the statute of limitations under the FLSA runs backward from the time an opt-in plaintiff's consent to join is filed. *See* 29 U.S.C. § 256(b). *See also*, *e.g.*, *Stevens v. Datascan Field Servs. LLC*, No. 2:15-cv-00839-TLN-AC, 2017 WL 590250, at \*1 (E.D. Cal. Feb. 14 2017). The statute of limitations is not tolled when the case is filed, or even while a court considers whether to grant conditional certification. *See, e.g.*, *Smith v. Micron Elec., Inc.*, No. CV-01-244-S-BLW, 2005 WL 5328543, at \*4 (D. Idaho Feb. 4, 2005) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1106 (11th Cir. 1996)). Accordingly, putative Collective Action Class Members' damages will decrease with each passing day that notice is not issued. Although the notice stage will not toll the statute of limitations, it will give putative Collective Action Class Members notice of the case, and that the statute of limitations is running on their case. As a result, this Motion must take precedence over other motions filed in the case, given the harsh result to putative Collective Action Class Members if notice does not issue.

**E.    Plaintiffs' Proposed Notice and Proposed Procedure for Dissemination of Notice of the Pendency of this Lawsuit Are Proper.**

"The goal of avoiding multiplicity of duplicative suits is fostered by providing as much notice of the action as is practicable." *Gomez v. H&R Gunlund Ranches, Inc.*, No. CV F 10-1163 LJO MJS, 2010 WL 5232973, at \*10 (E.D. Cal. Dec. 16, 2010) (citing *Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) ("Certainly, it is unlikely that Congress, having created a procedure for

representative action, would have wanted to prevent the class representative from notifying other members of the class that they had a champion.")).

FLSA notice represents the plaintiff's communication to the FLSA prospective collective action members. *King v. ITT Cont'l Baking Co.*, No. 84 C 3410, 1986 WL 2628, at *3 (N.D. Ill. Feb. 18, 1986). Therefore, courts should refrain from making unnecessary changes, and should restrict themselves solely to ensuring that notice issued is fair and accurate. *Id. See also Littlefield v. Dealer Warranty Servs., LLC*, 679 F. Supp. 2d 1014, 1018 (E.D. Mo. 2010) (holding that a court should not alter a plaintiff's proposed notice "unless certain changes are necessary.").

### 1. The Notice Clearly Communicates to the Collective Action Class Members the Rights at Stake in this Litigation and Their Options.

Plaintiffs propose a neutral and straightforward form of Notice that will inform potential opt-in plaintiffs of their statutory rights. (*See* app. pp. 63-64 (Exhibit L - Proposed Notice). The Notice explains the nature of the action, Plaintiffs' allegations, and Defendant's denial of liability. It also makes clear the Court has not adjudicated the merits of the dispute. Further, the Notice provides Plaintiffs' counsel's contact information so that potential plaintiffs can contact the attorneys who would represent them if they choose to opt-in. In addition, the Notice explains the procedure for opting-in. Lastly, it warns that all those who opt-in will be bound by the judgment, whether favorable or unfavorable. Accordingly, the content of the notice meets with the applicable standard as it is "timely, accurate, and informative." *Hoffman-La Roche*, 493 U.S. at 172.

### 2. Plaintiffs Request that Notice Be Sent via Mail, Email, Text Message, Posting, and Social Media (Facebook, LinkedIn, and Twitter) – Methods Commonly Approved in Similar FLSA Cases.

Sending notice to putative collective action members via mail and email is the norm in FLSA collective action cases, and putative collective action members

are generally permitted to sign consents to join electronically. *See e.g.*, *Bazzell v. Body Contour Ctrs., LLC*, No. C16-0202JLR, 2016 WL 3655274, at *7 (W.D. Wash. July 8, 2016) ("Email is no longer novel but a routine and critical form of communication. The court concludes that BCC's objection to email as a form of notification is without merit."); *Dyson v. Stuart Petrol. Testers, Inc.*, 308 F.R.D. 510, 517 (W.D. Tex. 2015) (permitting consent forms to be signed electronically).

Moreover, the emerging trend is to permit transmission of notice via text message given the prevalence of the use of cell phones for communication. *See, e.g.*, *Regan v. City of Hanahan*, No. 2:16-cv-1077-RMG, 2017 WL 1386334, at *3 (D.S.C. Apr. 17, 2017) ("Mail, email and text message notice is reasonable because, in today's mobile society, individuals are likely to retain their mobile numbers and email addresses even when they move."); *Martin v. Sprint/United Mgmt. Co.*, No. 15 Civ. 5237 (PAE), 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) (granting text message notice due to high turnover rate among employees); *Irvine v. Destination Wild Dunes Mgmt., Inc.*, 132 F. Supp. 3d 707, 711 (D.S.C. 2015) ("The request that notice be distributed via direct mail, email and text messaging appears eminently reasonable to the Court. This has become a much more mobile society with one's email address and cell phone number serving as the most consistent and reliable method of communication."); *Bhumithanarn v. 22 Noodle Mkt. Corp.*, No. 14-cv-2625 (RJS), 2015 WL 4240985, at *5 (S.D.N.Y. July 13, 2015) ("[G]iven the high turnover characteristic of the restaurant industry, the Court finds that notice via text message is likely to be a viable and efficient means of communicating with many prospective members of this collective action.").

Furthermore, Plaintiffs requests notice by posting at Defendant's worksites to further the remedial purposes of the FLSA. *See, e.g.*, *Jones v. Cretic Energy*

Case No. 8:18-cv-00871-DOC
Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action

*Servs., LLC*, 149 F. Supp. 3d 761, 776-77 (S.D. Tex. 2015) (finding notice by posting was "not unduly burdensome or invasive.").

Finally, Plaintiffs request that during the opt-in period, an abbreviated note be published on Facebook, LinkedIn, and Twitter directing putative Collective Class Action Members to the website address for the official case website where the Notice and Opt-in Forms will be available. The use of a website for notice is appropriate. *See Mark v. Gawker Media LLC*, No. 13 Civ. 4347, 2014 WL 5557489, at *3-5 (S.D.N.Y. Nov. 3, 2014) (granting plaintiff's request to use social media to target potential plaintiffs, through websites such as Facebook, LinkedIn, and Twitter as well as U.S. Mail, email, and two stand-alone websites containing a notice and consent form); *see also Nobles v. State Farm Mut. Auto. Ins. Co.*, No. 10 Civ. 4175, 2011 WL 3794021, at *10 (W.D. Mo. Aug. 25, 2011) *modified on reconsideration*, 2011 WL 5563444 (W.D. Mo. Nov. 15, 2011) (granting plaintiff's request to disseminate notice by mail, email, to post the notice in break rooms at defendant's workplace, and permission to publish an internet website with a consent to join form); *Espenscheid v. DirecStat USA*, LLC, No. 09 Civ. 625, 2010 WL 2330309, at *15 (W.D. Wis. June 7, 2010) (permitting plaintiffs to create a website containing a notice and consent form, a press release directing the putative class members to the website, distribution by first-class mail, and directing defendant to produce full names, last known addresses, and telephone numbers of employees).

### 3.    Plaintiffs' Other Requests Regarding the Notice Schedule.

Plaintiffs request that the Court allow a 90-day notice period commencing three days after Plaintiffs mail the court-approved notice to the putative class members. *See, e.g.*, *Case v. Danos & Curole Marine Contractors, L.L.C.*, No. 14-2775, 2015 WL 1978653, at *4, 9 (E.D. La. May 4, 2015) (allowing a 90-day notice period where plaintiffs are scattered across a broad geographical region).

Plaintiffs request that they be allowed to use the following information on the outside of the mailing envelope to the putative class members – "Notice of Papa John's Unpaid Online Training Lawsuit – Deadline to Join." *See, e.g.*, *Perrin v. Papa John's Int'l, Inc.,* No. 4:09CV01335 AGF, 2011 WL 4815246, at *6 (E.D. Mo. Oct. 11, 2011) (approving "Notice of Unpaid Overtime Lawsuit – Deadline to Join" because "the language fairly alerts the recipients that the envelope contains time-sensitive material, and is not junk mail"). Plaintiffs also request that they be permitted to provide a self-addressed, postage paid envelope to be returned to counsel for Plaintiffs as is common in these cases. *See, e.g.*, *Perrin*, 2011 WL 4815246, at *6 (collecting cases approving use of prepaid envelope).

Finally, Plaintiffs request that they be permitted to send a postcard reminder to putative Collective Action Class Members who have not returned executed notices of consent 45 days prior to the deadline to join. This relief is commonly granted. *See, e.g.*, *Woods v. Vector Mktg. Corp.*, No. C-14-0264 EMC, 2015 WL 1198593, at *7 (N.D. Cal. Mar. 16, 2015) (approving 90-day notice period, and reminder notice postcard in addition to notice to putative class members via a Facebook advertisement).

## IV.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court (1) conditionally certify the proposed FLSA collective action, (2) direct the dissemination of the notice of the pendency of the action by mail, email, text message, posting, and social media using the proposed Notice, (3) direct Papa John's to produce the names and contact information of the putative class to counsel for Plaintiffs (for both company and franchisee employees), and (4) grant all other relief requested in this Motion and such other and further relief to which may otherwise be warranted.

1    Dated: August 7, 2018.

2

3

4                                    Respectfully submitted,

5                                    By:    s/Melinda Arbuckle
                                            Melinda Arbuckle

6    **BARON & BUDD, P.C.**
     Melinda Arbuckle (Cal. Bar No. 302723)
7    marbuckl@baronbudd.com
     15910 Ventura Boulevard, Suite 1600
8    Encino, California 91436
     Telephone: (818) 839-6506
9    Facsimile: (818) 986-9698

10   **SHELLIST | LAZARZ | SLOBIN LLP**
     Todd Slobin (admitted *Pro Hac Vice*)
11   tslobin@eeoc.net
     Ricardo J. Prieto (admitted *Pro Hac Vice*)
12   rprieto@eeoc.net
     11 Greenway Plaza, Suite 1515
13   Houston, Texas 77046
     Telephone: (713) 621-2277
14   Facsimile: (713) 621-0993

15   *Counsel for Plaintiffs and Proposed Class*
     *and FLSA Collective Action Members*

16

17

18

19

20

21

22

23

24

25

26

27

28

Plaintiffs' Memorandum ISO Motion for
Conditional Certification of FLSA Collective Action