1

Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net

2

Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net

3

SHELLIST | LAZARZ | SLOBIN LLP
11 Greenway Plaza, Suite 1515

4

Houston, Texas 77046
Telephone: (713) 621-2277

5

Facsimile: (713) 621-0993

6

Allen R. Vaught (admitted *Pro Hac Vice*)
avaught@baronbudd.com

7

Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com

8

BARON & BUDD, P.C.
15910 Ventura Boulevard, Suite 1600

9

Encino, California 91436
Telephone: (818) 839-6506

10

Facsimile: (818) 986-9698

11

12

*Counsel for Plaintiffs and Proposed Class and Collective Action Members*

13

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION – SANTA ANA**

14

15

SOFIA AVALOS, LOUIS BREAZIL, JARED CARROLL, ALVIN ENGLISH, and MAX COOVER on behalf of themselves and all others similarly situated,

16

17

Plaintiffs,

18

v.

19

PAPA JOHN'S INTERNATIONAL, INC.; RC3 PIZZA, LLC; VEDAWAT INCORPORATION; OC CAPITAL GROUP LLC; PJCA-4, LP; PJCA-2, LP; PJ CENTRAL; and YUMMY OMG PIZZA, INC.

20

21

22

23

Defendants.

24

**Case No.: 8:18-cv-00871-DOC**

**THIRD AMENDED COMPLAINT FOR VIOLATIONS OF FLSA AND CALIFORNIA AND NEW YORK STATE LAW**

**COLLECTIVE ACTION AND CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs SOFIA AVALOS, LOUIS BREAZIL, JARED CARROLL, ALVIN ENGLISH, and MAX COOVER ("Plaintiffs"), on behalf of themselves and all others similarly situated, file this Third Amended Complaint against Defendant PAPA JOHN'S INTERNATIONAL, INC. ("Papa John's" or the "Franchisor Defendant"), and Defendants RC3 PIZZA, LLC; VEDAWAT INCORPORATION; OC CAPITAL GROUP LLC; PJCA-4, LP; PJCA-2, LP; PJ CENTRAL; and YUMMY OMG PIZZA, INC. (the "Franchisee Defendants") showing in support as follows.

## I.   INTRODUCTION AND NATURE OF ACTION

1.      This is an action brought under the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA"). On information and belief, the Franchisor Defendant and the Franchisee Defendants, amongst other actors, have engaged in a scheme to require Plaintiffs and similarly situated employees to engage in mandatory training through Papa John's corporate website without paying them for the time they spent performing such work. As a result, Plaintiffs and similarly situated employees were denied minimum wages and/or overtime wages in violation of the FLSA.

2.      This action is also brought under the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, the California Labor Code, Cal. Lab. Code §§ 510, 1182.11, 1182.12, 1194, and Cal. Wage Orders No. 7-2001, 5-2001 and No. MW-2017 (collectively, "California State Law") for the Franchisor and Franchisee Defendants' violations of California State Law including: (1) failure to pay employees working in California state-mandated minimum wages,

(2) failure to pay employees working in California overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty per week or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and (3) failure to pay employees working in California overtime compensation at a rate of twice their regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek.

3.      This action is also brought under the New York State Labor Law, N.Y. Lab. Law §§ 198, and 650-665, and the New York State Department of Labor Regulation§ 142-2.4, for the Franchisor Defendant's violations of New York State Law including (1) failure to pay employees working in New York state-mandated minimum wages, (2) failure to pay employees working in New York overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty per week; and (3) failure to pay one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which employees work for ten or more hours ("spread of hours").

4.      Defendant Papa John's International, Inc. provides materials to train hourly-paid employees through its corporate website. On information and belief, Papa John's International, Inc. requires its franchisees, including but not limited to the Franchisee Defendants, to train employees using these training modules. Training modules include topics such as how to make products, how to greet customers, and how to deliver pizzas. Papa John's employees like Plaintiffs were required to complete this work without pay.

5.      Plaintiffs were employees of Defendant Papa John's International, Inc. in connection with its pizza delivery and carry-out restaurant business at various locations nationwide, including franchisee locations. Certain Plaintiffs, as identified in Section II below, were jointly employed by certain of the Franchisee Defendants along with Defendant Papa John's International, Inc. During the times they worked for the Defendants, Plaintiffs sometimes did not receive the federally mandated minimum wage, nor the state or locally mandated minimum wage due to Defendants' policy or practice of requiring that mandatory online training be completed off-the-clock.

6.      The named Plaintiffs in this case were similarly situated in material respects to other workers nationwide. Plaintiffs and other Papa John's employees were required to complete online corporate training without receiving any compensation whatsoever.

## II.      THE PARTIES

### A.      Plaintiff Sofia Avalos

7.      Plaintiff Sofia Avalos is an individual residing in San Bernadino County, California. She has standing to file this lawsuit.

8.      Avalos was a pizza delivery employee of Papa John's International, Inc., who worked at the 208 East Baseline Road; Rialto, California 92376 Papa John's location. Avalos was employed from approximately November of 2016 through approximately February of 2017.

9.      Avalos' written consent to participate in this action was filed on 6/13/18, ECF No. 25-1, and is incorporated by reference herein.

**B.** **Plaintiff Louis Breazil**

10.    Plaintiff Louis Breazil is an individual residing in Orange County, California. He has standing to file this lawsuit.

11.    Breazil was a pizza delivery employee of Papa John's International, Inc., who worked at the 1721 West Katella Avenue; Anaheim, CA 92804 Papa John's location. Breazil was employed from approximately August of 2010 through approximately October of 2015.

12.    Breazil's written consent to participate in this action was filed as an Exhibit to the Original Complaint and is incorporated by reference herein.

**C.** **Plaintiff Jared Carroll**

13.    Plaintiff Jared Carroll is an individual residing in Monmouth County, New Jersey. He has standing to file this lawsuit.

14.    Carroll was a pizza delivery employee of Papa John's International, Inc. who worked at the 357 Monmouth Road; West Long Branch, New Jersey 07764 Papa John's location. He has been employed with Papa John's since on or about May of 2017.

15.    Carroll's written consent to participate in this action was filed as an Exhibit to the Original Complaint and is incorporated by reference herein.

**D.** **Plaintiff Alvin English**

16.    Plaintiff Alvin English is an individual residing in Queens County, New York. He has standing to file this lawsuit.

17.     English was a pizza delivery employee of Papa John's International, Inc., who worked at the 529 Stanley Avenue; Brooklyn, New York 11207 Papa John's location.

18.     English's written consent to participate in this action was filed as an Exhibit to the Original Complaint and is incorporated by reference herein.

**E.     Plaintiff Max Coover**

19.     Plaintiff Max Coover is an individual residing in Santa Clara County, California. He has standing to file this lawsuit.

20.     Coover was a pizza delivery employee of Papa John's International, Inc. who worked at the 1423 Branham Lane; San Jose California 95118 Papa John's location. He was employed with Papa John's since on or about 2016 through on or about May 2018.

21.     Coover's written consent to participate in this action was filed as an Exhibit to the First Amended Complaint and is incorporated by reference herein.

**F.     Putative California Class Action Members**

22.     The putative California Class Action Members are all current and former Papa John's employees who worked at any location in California at any time within the four years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Papa John's policy or practice of requiring mandatory training to be completed off-the-clock.

23.     Avalos, Breazil, and Coover seek to represent the California Class Action Members, seeking damages for the California State Law Claims, described

further below. Avalos, Breazil, and Coover are proper class representatives pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**G.     Putative New York Class Action Members**

24.     The putative New York Class Action Members are all current and former Papa John's employees who worked at any location in New York at any time within the six years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Papa John's policy or practice of requiring mandatory training to be completed off-the clock.

25.     English seeks to represent the New York Class Action Members, seeking damages for New York State Law Claims, described further below. English is a proper class representative pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure.

**H.     Putative Collective Action Members**

26.     The putative Collective Action Members are all current and former Papa John's employees who worked at any location nationwide at any time within the three years prior to the date of filing of this Complaint through the date of the final disposition of this action who were denied minimum and/or overtime wages in connection with Papa John's policy or practice of requiring mandatory training to be completed off-the-clock.

27.     Plaintiffs seek to represent the Collective Action Members for damages due to unpaid minimum and overtime wages pursuant to the FLSA.

Plaintiffs are similarly situated to the Collective Action Members pursuant to 29 U.S.C. § 216(b).

**I.    Defendant Papa John's International, Inc.**

28.    Defendant Papa John's International, Inc. is a corporation organized under the laws of Delaware that does business as Papa John's Pizza.

29.    Papa John's International, Inc. may be served with process through its registered agent, The Corporation Trust Company, located at Corporation Trust Center; 1209 Orange Street; Wilmington, Delaware 19801.

30.    At all times relevant to this lawsuit, Defendant Papa John's International, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA.

31.    At all times relevant to this lawsuit, Defendant Papa John's International, Inc. employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

32.    Pursuant to publically accessible financial records, at all times relevant to this lawsuit, Defendant Papa John's International, Inc. has had gross operating revenues or business volume in excess of $500,000.

**J.    Defendant RC3 Pizza LLC**

33.    Defendant RC3 Pizza LLC is a limited liability company organized under the laws of California.

34.    Defendant RC3 Pizza LLC may be served with process through its registered agent, Fouad Tarazi at 4 Crestmount Court; Ladera Ranch, CA 92694.

35.    At all times relevant to this lawsuit, Defendant RC3 Pizza LLC has been an "enterprise engaged in commerce" as defined by the FLSA.

36.    At all times relevant to this lawsuit, Defendant RC3 Pizza LLC employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

37.    At all times relevant to this lawsuit, Defendant RC3 Pizza LLC has had gross operating revenues or business volume in excess of $500,000.

38.    Defendant RC3 Pizza LLC, along with Defendant Papa John's International, Inc., employed Plaintiff Louis Breazil and Opt-in Plaintiff Frances Garcia.

**K.    Defendant Vedawat Incorporation**

39.    Defendant Vedawat Incorporation is a corporation organized under the laws of California.

40.    Defendant Vedawat Incorporation may be served with process through its registered agent Prakash Joshi at 5017 Alta Street; Simi Valley, CA 93063.

41.    At all times relevant to this lawsuit, Defendant Vedawat Incorporation has been an "enterprise engaged in commerce" as defined by the FLSA.

42.    At all times relevant to this lawsuit, Defendant Vedawat Incorporation employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

43.     At all times relevant to this lawsuit, Defendant RC3 Pizza LLC has had gross operating revenues or business volume in excess of $500,000.

44.     Defendant Vedawat Incorporation, along with Defendant Papa John's International, Inc., employed Opt-in Plaintiff Kevin Ladin.

**L.     Defendant OC Capital Group LLC**

45.     Defendant OC Capital Group LLC is a limited liability company organized under the laws of California.

46.     Defendant OC Capital Group LLC may be served with process through its registered agent Sanjeev Agrawal; 9 Charca; Rancho Santa Margarita, CA 92688.

47.     At all times relevant to this lawsuit, Defendant OC Capital Group LLC has been an "enterprise engaged in commerce" as defined by the FLSA.

48.     At all times relevant to this lawsuit, Defendant OC Capital Group LLC employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

49.     At all times relevant to this lawsuit, Defendant OC Capital Group LLC has had gross operating revenues or business volume in excess of $500,000.

50.     Defendant OC Capital Group LLC, along with Defendant Papa John's International, Inc., employed Opt-in Plaintiff Noe Ramirez.

**M.     Defendant PJCA-4, LP**

51.     Defendant PJCA-4, LP is a limited partnership organized under the laws of California.

52.     Defendant PJCA-4, LP may be served with process through its registered agent Mark Catania at 2337 Roscomare Road, Suite 6; Los Angeles, CA 90077.

53.     At all times relevant to this lawsuit, Defendant PJCA-4, LP has been an "enterprise engaged in commerce" as defined by the FLSA.

54.     At all times relevant to this lawsuit, Defendant PJCA-4, LP employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

55.     At all times relevant to this lawsuit, Defendant PJCA-4, LP has had gross operating revenues or business volume in excess of $500,000.

56.     Defendant PJCA-4, LP, along with Defendant Papa John's International, Inc., employed Named Plaintiff Sofia Avalos and Opt-in Plaintiff Yoshua Castaneda.

**N.     Defendant PJCA-2, LP**

57.     Defendant PJCA-2, LP is a limited partnership organized under the laws of California.

58.     Defendant PJCA-2, LP may be served with process through its registered agent Mark Catania at 2337 Roscomare Road, Suite 6; Los Angeles, CA 90077.

59.     At all times relevant to this lawsuit, Defendant PJCA-2, LP has been an "enterprise engaged in commerce" as defined by the FLSA.

60.     At all times relevant to this lawsuit, Defendant PJCA-2, LP employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

61.     At all times relevant to this lawsuit, Defendant PJCA-2, LP has had gross operating revenues or business volume in excess of $500,000.

62.     Defendant PJCA-2, LP, along with Defendant Papa John's International, Inc., employed Opt-in Plaintiff Liam Howlett.

**O.      Defendant PJ Central**

63.     Defendant PJ Central is a corporation organized under the laws of California.

64.     Defendant PJ Central may be served with process through its registered agent Samantha Goeppinger at 200 Javis; Ridgecrest, CA 93555.

65.     At all times relevant to this lawsuit, Defendant PJ Central has been an "enterprise engaged in commerce" as defined by the FLSA.

66.     At all times relevant to this lawsuit, Defendant PJ Central employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

67.     At all times relevant to this lawsuit, Defendant PJ Central has had gross operating revenues or business volume in excess of $500,000.

68.     Defendant PJ Central, along with Defendant Papa John's International, Inc., employed Opt-in Plaintiffs Kevonne Wright, Daniel Matos, and Chad Hansford.

**P.     Defendant Yummy OMG Pizza, Inc.**

69.     Defendant Yummy OMG Pizza, Inc. is a corporation organized under the laws of California.

70.     Defendant Yummy OMG Pizza, Inc. may be served with process through its registered agent Waleed Mansour at 7852 Daisy Circle; Huntington Beach, CA 92648.

71.     At all times relevant to this lawsuit, Defendant Yummy OMG Pizza, Inc. has been an "enterprise engaged in commerce" as defined by the FLSA.

72.     At all times relevant to this lawsuit, Defendant Yummy OMG Pizza, Inc.employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

73.     At all times relevant to this lawsuit, Defendant has had gross operating revenues or business volume in excess of $500,000.

74.     Defendant, along with Defendant Papa John's International, Inc., employed Opt-in Plaintiff Shaun Futema.

### III.    JURISDICTION AND VENUE

75.     This Court has federal question jurisdiction over all claims pursuant to 28 U.S.C. § 1331 and the FLSA at 29 U.S.C. § 216(b).

76.     This Court also has supplemental jurisdiction over Plaintiff's State Law claims pursuant to 28 U.S.C. § 1367 because those claims derive from a common nucleus of operative fact.

77.     This Court is empowered to issue a declaratory judgment with respect to all claims pursuant to 28 U.S.C. §§ 2201 & 2202.

78.     The United States District Court for the Central District of California has personal jurisdiction over the Franchisor Defendant because the Franchisor Defendant does business in California and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

79.     The United States District Court for the Central District of California has personal jurisdiction over the Franchisee Defendants because the Franchisee Defendants do business in the state of California, and because many of the acts complained of and giving rise to the claims alleged occurred in California and in this District.

80.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District.

## IV.    FACTUAL BACKGROUND
### (APPLICABLE TO ALL CLAIMS FOR RELIEF)

81.     Defendant Papa John's International, Inc. ("Papa John's" or the "Franchisor Defendant") operates and franchises pizza delivery and carry-out restaurants that sells pizza and other food products from its locations across the country.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

82.     Plaintiffs and the putative class and collective action members are hourly-paid employees of Papa John's who frequently work in excess of eight or ten hours per day, and frequently work over 40 hours per week, but do not receive compensation or all hours that they worked. The Franchisee Defendants also employed certain Plaintiffs and putative class and collective action members.

83.     Papa John's maintains corporate training materials on its website.

84.     The Franchisor Defendant maintains control over all of its Papa John's locations, whether company or franchisee restaurants, nationwide to ensure uniformity. In that regard, all of its employees undergo uniform corporate orientation and training using the Franchisor Defendant's online tools available at the company's corporate website. These online training materials, which include quizzes and modules, instruct Papa John's employees on how to deliver pizzas, greet customers, make pizzas, and other topics specific to the Franchisor Defendant's product and unique business model. Through its corporate training website, the Franchisor Defendant exercises strict control over the brand by providing employees nationwide with access to a plethora of information necessary for a consistent product (*i.e.*, Papa John's style pizza and Papa John's expected level of customer service) required and expected from all Papa John's restaurants regardless of location. Moreover, its corporate training website serves as a way for the Franchisor Defendant to keep track of its individual employees including what information they have accessed to perform their job and training.  The Franchisor Defendant's standardized training programs are not only aimed at its hourly paid employees, but also towards the management who implement the policies and

practices that affect hourly paid employees at all Papa John's locations, including at locations operated by the Franchisee Defendants. Thus through the implementation of standardized training and support, the Franchisor Defendant can create a homogeneous environment where hourly paid employees operate under the same employment conditions. In fact, through the Franchisor Defendant's "cookie-cutter" approach to brand management, Papa John's employees are able to seamlessly transition from location to location.

85.     The Franchisor Defendant retains the power to hire and fire Plaintiffs and other employees at company restaurants and franchisee restaurants. For instance, the Franchisor Defendant promulgates singular job descriptions with mandatory requirements for positions such as delivery driver, assistant manager, and other positions for both its company and franchise locations.

86.     Additionally, corporate representatives of the Franchisor Defendant routinely visited and/or inspected company and franchisee restaurants, providing input on the time that it should take Plaintiffs and other employees to complete work tasks and the work performance of employees at those locations. On information and belief, in connection with these visits and/or inspections, the Franchisor Defendant retained the ability to fire any employee at a company or franchise restaurant with or without cause.

87.     The Franchisor Defendant retained control over the method and rate of pay of Plaintiffs and other employees at company restaurants and franchisee restaurants. For example, the job descriptions promulgated by Papa John's designate delivery drivers as hourly-paid non-exempt employees and assistant managers as

1  salaried, exempt employees. These significant designations by Papa John's

2  determine whether individuals receive premium pay under the FLSA and/or state

3  law.

4  88.   The Franchisor Defendant designated time spent completing training as

5  compensable on its website, and maintained records of whether each employee at a

6  company or franchisee restaurant completed relevant training.

7  89.   The URL for the Franchisor Defendant's website for completion of

8  mandatory training by Plaintiffs and employees at company and franchisee stores is

9  at https://papajohns.csod.com/client/papajohns/default.aspx.

10  90.   As of September 13, 2018, that website contained text that reads:

11  "Your time spent completing mandatory courses on this site as required by your

12  manager is compensable time." *Id*.

13  91.   Training required by the Franchisor Defendant is mandatory through

14  the model franchise agreement Papa John's typically signs with franchisees,

15  including the Franchisee Defendants. Papa John's requires training to be completed

16  upon hiring, and also on an ongoing basis as it releases new products and to

17  maintain uniformity of product, quality of service, and to reinforce corporate

18  expectations at company and franchisee restaurants.

19  92.   On information and belief, Plaintiffs and other employees at company

20  and franchisee restaurants were not permitted to work until they completed

21  compulsory online training on Papa John's website. Furthermore, on information

22  and belief, because Papa John's administered quizzes and tests on that website to

23  gather data on retention of topics contained in the online training materials,

24

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

employees at company and franchisee restaurants were not permitted to work until they received passing scores on the quizzes/tests. On information and belief, in the event that an employee at a company or franchisee restaurant, including but not limited to those operated by the Franchisee Defendants, did not receive a passing score, the employee would have to retake the entire training module and receive a passing score before being cleared to return to work. On information and belief, a failing score on a quiz/test was reported jointly to Papa John's and any relevant franchisee, including but not limited to the Franchisee Defendants. On information and belief, failure to complete mandatory training could lead to discipline or termination of an employee at a company or franchisee restaurant by either the franchisee at its independent election or Papa John's at its independent election.

93.     The Franchisor Defendant retained supervisory control over Plaintiffs' and other employees' work schedules and conditions of employment at company and franchisee restaurants, including but not limited to those operated by the Franchisee Defendants.. On information and belief, Papa John's retains the services of (a) third-party analytics compan(y/ies) to create software that monitors labor hours and costs, *e.g.*, time to complete deliveries, completeness of orders and other business data regarding work completed at company and franchisee restaurants. Papa John's uses that data to determine whether company and franchisee restaurants may benefit from on-site supervision, and to reduce labor time and improve labor efficiency at company and franchise locations. On information and belief, Papa John's does intervene at company and franchisee restaurants when such restaurants do not meet Papa John's expectations. Use of this software has

improved Papa John's overall performance metrics at all of its locations, including company and franchisee restaurants, including, for example, a 10% reduction in "out the door" time, and a significant improvement in order completeness.

94.     Papa John's did not collect this information solely for the benefit of franchisees. Rather, Papa John's used information to establish working conditions by tracking the wage payment, hours worked, and quality of service provided by Plaintiffs and similarly situated workers at company and franchisee restaurants. Papa John's also maintained, analyzed, and took corrective action based on performance metrics relative to each Plaintiff and similarly situated worker at company and franchisee restaurants.

95.     In the event that franchisees refused to follow the directives of the Franchisor Defendant's corporate representatives, Papa John's retained the right to unilaterally terminate franchise agreements with franchisees.

96.     The Franchisor Defendant maintained employment records for Plaintiffs and other employees at company and franchisee restaurants. On information and belief, the Franchisor Defendant gave a unique username and password to each employee at all Papa John's locations, company and franchisee operated, so that those employees could access online training through its corporate website. On information and belief, the Franchisor Defendant received other identifying information, such as names, employee I.D. numbers, addresses, telephone numbers, and email addresses, about Plaintiffs and other employees at company and franchisee restaurants in connection with completion of online training, and at other times. the Franchisor Defendant retained records of the amount

of time that training took to complete and whether training was completed by Plaintiffs and other employees at company and franchisee restaurants.

97.     Accordingly, the Franchisor Defendant had records of amounts paid in labor, the amount of time Plaintiffs and other employees at company and franchisee restaurants spent working, and the amount of time they spent training, but did not ensure that its employees received all wages due to them despite admitting that the time spent completing training tasks was compensable.

98.     The Franchisor Defendant required Plaintiffs and other similarly situated hourly-paid employees at Papa John's locations nationwide to complete these training materials in addition to their day-to-day work, which often exceeds eight hours, ten hours per day, or 40 hours per week.

99.     Because completion of these training materials was mandatory, Plaintiffs and other similarly hourly-paid employees at Papa John's locations nationwide were entitled to be paid for all time spent completing such training materials.

100.    The Franchisor Defendant maintains records of the length of time required to complete these online training materials, so it had knowledge of all the off-the-clock work performed as alleged herein.

101.    However, employees like Plaintiffs are or were required to complete these training materials without clocking in to a time clock or otherwise reporting the time they spend or spent completing such training materials.

102.    Plaintiffs allege that this policy or practice of requiring completion of mandatory online training was common across Papa John's facilities nationwide.

103.   Plaintiffs allege that because their employment experience was common with other hourly-paid employees, class and/or collective action treatment is proper.

104.   As a result, hourly-paid Papa John's employees, including Plaintiffs and the putative Class and/or Collective Action Members did not receive all minimum wage and/or overtime compensation for all hours worked when they completed mandatory online training off-the-clock.

105.   Franchisees of Papa John's, including but not limited to the Franchisee Defendants, were jointly and severally responsible for the failure of relevant Plaintiffs and the putative Class and/or Collective Action Members to receive all minimum wage and/or overtime compensation for all hours worked when they completed mandatory online training off-the-clock.

106.   This failure to pay Plaintiffs and similarly situated hourly-paid employees for mandatory online training was willful, intentional, and the result of design rather than mistake or inadvertence. The Franchisor Defendant and the Franchisee Defendants were aware that the FLSA applied to the employees who worked at their pizza delivery and carry-out restaurants nationwide.

## V.   FLSA CLAIMS FOR MINIMUM WAGES, STRAIGHT TIME COMPENSATION, AND OVERTIME PAY

107.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

## A.   FLSA Coverage

108.   All conditions precedent to this suit, if any, have been fulfilled.

109.   At all times relevant to this lawsuit, Defendants are/were eligible and covered employers under the FLSA pursuant to 29 U.S.C. § 203(d).

110.   At all times relevant to this lawsuit, Defendants are/have been enterprises engaged in commerce under the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

111.   At all times relevant to this lawsuit, Defendants have employed, and continue to employ, employees including Plaintiffs and the putative Collective Action Members who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

112.   At all times relevant to this lawsuit, Defendants have had gross operating revenues or business volume in excess of $500,000.

**B.   FLSA Allegations**

113.   The FLSA applied to Plaintiffs and the putative Collective Action Members when they worked as hourly-paid employees at Papa John's locations across the country.

114.   At all relevant times, Plaintiffs and the putative Collective Action Members were employees of the Franchisor Defendant and relevant Franchisee Defendants pursuant to the FLSA.

115.   On information and belief, thousands of hourly-paid employees worked for Papa John's in connection with work for pizza delivery and carry-out restaurants during the three years preceding the filing of this action.

116.   During the relevant time period, Plaintiffs and the putative Collective Action Members received no money for performing compensable mandatory online training tasks. *See* 29 C.F.R. § 785.28.

117.   Finally, federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5. Because of the work that Plaintiffs and the putative Collective Action Members were required to complete off-the-clock, Defendants have failed to keep accurate records pursuant to the foregoing.

## C.   Collective Action Allegations

118.   Plaintiffs seek to bring their claims under the FLSA on behalf of themselves and all other hourly-paid employees who were required to complete online training without compensation in the three years immediately preceding the date on which this action was filed and continuing thereafter through the date on

which final judgment is entered. Those who file a written consent will be a party to this action pursuant to 29 U.S.C. § 216(b).

119.   Plaintiffs have actual knowledge that putative Collective Action Members have been denied wages for all hours worked in each workweek. Plaintiffs worked with other hourly-paid employees at various Papa John's locations. This resulted in personal knowledge of the treatment of their co-workers at those locations. Furthermore, other hourly-paid employees have shared with the Plaintiffs that they experienced similar pay violations as those described in this Complaint.

120.   The putative Collective Action Members are similarly situated to Plaintiffs in all relevant respects, having worked on an hourly-pay basis relative to Papa John's pizza delivery and carry-out operations and receiving no pay for the mandatory training they were required to complete.

121.   The putative Collective Action Members regularly work or have worked in excess of forty hours during a workweek.

122.   Defendants' failure to pay minimum wages and overtime compensation in connection with mandatory online training results from generally applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

123.   The specific job titles or precise job responsibilities of each putative Collective Action Member do not prevent collective treatment.

124.   Although the exact amount of damages may vary among the putative Collective Action Members, the damages are easily calculable using a simple formula uniformly applicable to all of them.

125.   Plaintiffs propose that the class of putative Collective Action Members be defined as:

> **All current and former hourly-paid employees of Papa John's who were required to complete mandatory online training off-the-clock, and who worked at any location in the United States from any time starting three years before a collective action may be conditionally certified in the case until the date the case resolves.**

## VI.    CALIFORNIA STATE LAW CLAIMS

126.   Plaintiffs Sofia Avalos, Louis Breazil and Max Coover (the "California Plaintiffs") incorporate the preceding paragraphs by reference as if set forth fully in this section.

## A.    Controlling California State Law and Allegations

127.   California law requires payment of wages for all hours worked by an employee at a rate no lower than California's minimum wage. Cal. Labor Code. § 1182.12.

128.   The Franchisor Defendant's policy or practice of requiring that California Plaintiffs and putative California Class Members complete mandatory online training off-the-clock resulted in a failure to pay all minimum wages owed. The Franchisee Defendants were complicit in conforming with the Franchisor Defendant's policy or practice of requiring that California Plaintiffs and putative California Class Members complete mandatory online training off-the-clock, resulting in a failure to pay all minimum wages owed.

129.   California law requires payment of overtime wages to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or over eight per day, or for the first eight hours of work on the seventh consecutive day of work in a workweek, and at a rate of twice the regular rate of pay for all hours worked in excess of 12 hours in one day, and for any hours worked in excess of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor Code § 510.

130.   California Plaintiffs and putative California Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

131.   The Franchisor Defendant's policy or practice of requiring that California Plaintiffs and putative California Class Members complete mandatory online training off-the-clock resulted in a failure to pay all overtime wages owed. The Franchisee Defendants were complicit in conforming with the Franchisor Defendant's policy or practice of requiring that California Plaintiffs and putative California Class Members complete mandatory online training off-the-clock, resulting in a failure to pay all overtime wages owed.

132.   California law requires employers to pay all wages due to an employee immediately upon discharge and within the time required by law after their employment ends. Cal. Labor Code §§ 201, 202. Should an employer willfully fail to timely pay its employee, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days wages. Cal. Labor Code § 203.

133.   The Defendants' scheme to withhold payment for mandatory online training resulted in retention of wages to be paid to California Plaintiffs and the putative California Class after their employment with relevant Defendants ended.

134.   Because California Plaintiffs and the putative California Class were employees of the Franchisor Defendant, its retention of money owed to them after their employment with the Franchisor Defendant ended was a violation of California State Law. Because California Plaintiffs and the putative California Class were jointly employed by relevant franchisees, including but not limited to the Franchisee Defendants, the Franchisee Defendants retention of money owed to relevant employees after their employment with relevant Franchisee Defendant ended was a violation of California State Law.

135.   Furthermore, California Labor Code § 226(a) requires employers to furnish employees with itemized wage statements including, *inter alia*, an accurate depiction of all hours worked.

136.   The Franchisor Defendant's requirement that California Plaintiffs and the putative California Class complete mandatory online training off-the-clock resulted in a violation of the provision of the California Labor Code which requires that employees receive a wage statement containing an accurate representation of their hours of work, total hours worked, gross wages earned, net wages earned, and/or all applicable hourly rates in effect with the corresponding number of hours worked at each hourly rate.

137.   Defendants were aware that their failure to pay minimum wages and overtime compensation was unlawful pursuant to California State Law.

**B.    Class Action Allegations**

138.    Plaintiffs bring their claims for relief under California State Law, listed above, for violations of California's wage and hour laws as a class action, pursuant to Rules 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

139.    <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the California Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period thousands of individuals worked for the Franchisor Defendant in the state of California.

140.    <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the California Class, including, but not limited to, the following:

a.        Whether Defendants unlawfully failed to pay all wages owed in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200-17210, and the California Labor Code and related regulations including the California Private Attorneys General Act, ("PAGA");

b.        Whether Defendants maintained a policy or practice of failing to pay the California Class for time spent completing mandatory online training;

c.        Whether Defendants unlawfully failed to keep and furnish the putative California Class with records of hours worked, in violation of Cal. Labor Code §§ 226 & 1174;

d.        Whether Defendants' policy or practice of failing to pay the putative California Class all wages due immediately upon discharge violates the California Wage Payment Provisions elaborated above.

1   e.        Whether Defendants' policy or practice of failing to pay the

2   putative California Class all wages due within the time required by law after their

3   employment ends violates California law; and

4   f.        The proper measure of damages sustained by the putative

5   California Class.

6   141.   <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – California Plaintiffs' claims are

7   typical of those of the putative California Class. Plaintiffs, like other California

8   Class Members, were subjected to Defendants' policy or practice of refusing to pay

9   wages for completion of mandatory online training to its employees in violation of

10  California law. Plaintiffs' job duties and claims are typical of those of the putative

11  California Class.

12  142.   <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – California Plaintiffs will fairly

13  and adequately represent and protect the interests of the putative California Class.

14  143.   <u>Adequacy of counsel</u> (FED. R. CIV. P. 23(g) – California Plaintiffs

15  have retained counsel competent and experienced in complex class actions, the

16  FLSA, and state labor and employment litigation. Plaintiffs' counsel has litigated

17  numerous class actions on behalf of nonexempt employees asserting off-the-clock

18  claims under the FLSA and state law. Plaintiffs' counsel intends to commit the

19  necessary resources to prosecute this action vigorously for the benefit of all of the

20  putative California Class.

21  144.   Class certification of the California State Law claims is appropriate

22  pursuant to FED. R. CIV. P. 23(b)(2) because Defendants have acted or refused to

23  act on grounds generally applicable to the putative California Class, making

24

appropriate declaratory and injunctive relief with respect to California  Plaintiffs

and the putative California Class as a whole. Plaintiffs are entitled to injunctive

relief to end Defendants' policy or practice of refusing to pay wages for

completion of mandatory online training to its employees.

145.  <u>Predominance</u> and <u>superiority</u> (FED. R. CIV. P. 23(b)(3)) – Class

certification of the California State Law claims is also appropriate under Rule

23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact

common to the putative California Class predominate over any questions affecting

only individual members of the putative California Class, and because a class

action is superior to other available methods for the fair and efficient adjudication

of this litigation. Defendants' common and uniform policies or practices

unlawfully fail to compensate the putative California Class. The damages suffered

by individual members of the putative California Class are small compared to the

expense and burden of individual prosecution of this litigation. In addition, class

certification is superior because it will obviate the need for unduly duplicative

litigation, which might result in inconsistent judgments about Defendants' policy

or practice.

146.  <u>Notice</u> (FED. R. CIV. P. 23(c)(2)(B)) – California Plaintiffs intend to

send notice to all members of the putative California Class to the extent provided

by Rule 23.

147.  California Plaintiffs propose that the class be defined as:

**All current and former hourly-paid employees of Papa John's
who were required to complete mandatory online training off-the-
clock, and who worked at any location in California from any**

**time starting four years prior to the filing of the initial Complaint until the date the case resolves.**

148.   California Plaintiffs also seek to bring this action as aggrieved employees on behalf of themselves and other current former employees pursuant to the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5.

## VII.   NEW YORK STATE LAW CLAIMS

149.   Plaintiff Alvin English (the "New York Plaintiff") incorporates the preceding paragraphs by reference as if set forth fully in this section.

## A.   Controlling New York State Law and Allegations

150.   New York law requires payment of wages for all hours worked by an employee at a rate no lower than New York's minimum wage. N.Y. Lab. Law §§ 652, 663.

151.   The Franchisor Defendant's policy or practice of requiring that New York Plaintiff and putative New York Class Members complete mandatory online training off-the-clock resulted in a failure to pay all minimum wages owed.

152.   New York law requires that an employee shall be compensated at a rate of one and one-half times their normal wage rate for all work in excess of forty hours in a workweek. N.Y. Lab. Law §§ 160, 190-199.

153.   New York Plaintiff and putative New York Class Members frequently worked in excess of eight hours in a day or forty hours in a week.

154.   The Franchisor Defendant's policy or practice of requiring that New York Plaintiff and putative New York Class Members complete mandatory online training off-the-clock resulted in a failure to pay all overtime wages owed.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

155.    New York law requires that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

156.    The Franchisor Defendant's policy or practice of requiring that mandatory online training be completed off-the-clock violated New York Labor Law on those days when New York Plaintiff and New York Class Members in fact worked for ten or more hours.

157.    New York law sets a six-year statute of limitations for claims for wages, and provides for treble damages for willful violations of certain labor laws. N.Y. Lab. Law §§ 198, 663. The Franchisor Defendant is liable for damages for New York Plaintiff and New York Class Members for the period of six years preceding the filing of this Complaint. The Franchisor Defendant's violations of New York law were willful within the meaning of the statute. *Id.*

**B.    Class Action Allegations**

158.    Plaintiff brings his claims for relief under New York State Law, listed above, for violations of New York's wage and hour laws as a class action, pursuant to Rule 23(a), (b)(2), & (b)(3) of the Federal Rules of Civil Procedure.

159.    <u>Numerosity</u> (FED. R. CIV. P. 23(a)(1)) – the New York Class is so numerous that joinder of all members is impracticable. On information and belief, during the relevant time period thousands of individuals worked for the Franchisor Defendant in the state of New York.

160.   <u>Commonality</u> (FED. R. CIV. P. 23(a)(2)) – Common questions of law and fact exist as to putative members of the New York Class, including, but not limited to, the following:

a.   Whether the Franchisor Defendant maintained a policy or practice of failing to pay the New York Class for time spent completing mandatory online training; and

b.   The proper measure of damages sustained by the putative California Class.

161.   <u>Typicality</u> (FED. R. CIV. P. 23(a)(3)) – Plaintiff's claims are typical of those of the putative New York Class. Plaintiff, like other New York Class Members, was subjected to the Franchisor Defendant's policy or practice of refusing to pay wages for completion of mandatory online training to its employees in violation of New York law. Plaintiffs' job duties and claims are typical of those of the putative New York Class.

162.   <u>Adequacy</u> (FED. R. CIV. P. 23(a)(4)) – Plaintiff will fairly and adequately represent and protect the interests of the putative New York Class.

163.   <u>Adequacy of counsel</u> (FED. R. CIV. P. 23(g) – Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, and state labor and employment litigation. Plaintiff's counsel has litigated numerous class actions on behalf of nonexempt employees asserting off-the-clock claims under the FLSA and state law. Plaintiff's counsel intends to commit the necessary resources to prosecute this action vigorously for the benefit of all of the putative New York Class.

164.   Class certification of the New York State Law claims is appropriate pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure because Defendant has acted or refused to act on grounds generally applicable to the putative New York Class, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the putative New York Class as a whole. Plaintiff is entitled to injunctive relief to end the Franchisor Defendant's policy or practice of refusing to pay wages for completion of mandatory online training to its employees.

165.   Predominance and superiority (FED. R. CIV. P. 23(b)(3)) – Class certification of the New York State Law claims is also appropriate under Rule 23(b)(3) of the Federal Rules of Civil Procedure because questions of law and fact common to the putative New York Class predominate over any questions affecting only individual members of the putative New York Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Franchisor Defendant's common and uniform policies or practices unlawfully fail to compensate the putative New York Class. The damages suffered by individual members of the putative New York Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation, which might result in inconsistent judgments about the Franchisor Defendant's policy or practice.

166.   Notice (FED. R. CIV. P. 23(c)(2)(B)) – Plaintiff intends to send notice to all members of the putative New York Class to the extent provided by Rule 23.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

167.   Plaintiff proposes that the class be defined as:

**All current and former hourly-paid employees of Papa John's who were required to complete mandatory online training off-the-clock, and who worked at any location in New York from any time starting six years prior to the filing of the initial Complaint until the date the case resolves.**

## VIII.  CAUSES OF ACTION

### 1.   First Claim for Relief – Violation of the FLSA, Failure to Pay Statutory Minimum Wage and Overtime

168.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

169.   The foregoing conduct, as alleged, violated the FLSA.

170.   Plaintiffs and the putative Collective Action were employees of relevant Defendants under the FLSA. 29 U.S.C. § 203(d) & 203(e)(1).

171.   Defendants are and were required to pay their respective employees, relevant Plaintiffs and the putative Collective Action, at least the minimum wage for all hours worked under forty in a given workweek. 29 U.S.C. § 206.

172.   Defendants failed to pay relevant Plaintiffs and the putative Collective Action the federally-mandated minimum wage for all hours worked under forty in a given workweek due to their policy or practice of refusing to pay wages for completion of mandatory online training to its employees.

173.   Defendants are and were required to pay their respective employees, relevant Plaintiffs and the putative Collective Action, overtime premiums in the amount of one and one half times their regular rate of pay for all hours worked over forty hours in a given workweek. 29 U.S.C. § 207.

174.   Defendants failed to pay relevant Plaintiffs and the putative Collective Action their federally mandated overtime wages for all hours worked over 40 in a given workweek.

175.   Accordingly, Plaintiffs and the putative Collective Action are entitled to the full statutory minimum wages set forth in 29 U.S.C. §§ 206 and 207.

176.   Defendants' conduct was willful and done to avoid paying minimum wages and overtime. 29 U.S.C. § 255(a). Therefore, Plaintiffs and the putative Collective Action are entitled to recover damages based on the FLSA's three (3) year statutory limitations period.

177.   Plaintiffs seek all damages to which they are entitled under the FLSA, including their back minimum wages, back overtime wages, liquidated damages, attorneys' fees and costs, post-judgment interest, and specifically plead recovery for the three (3) year period preceding the filing of this lawsuit through its resolution.

### 2.   Second Claim for Relief – Violations of California Unfair Competition Law, Cal. Bus. & Prof. Code, §§ 17200-17210

178.   Plaintiffs Sofia Avalos Louis Breazil and Max Coover (the "California Plaintiffs") incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

179.   The foregoing conduct, as alleged, violates the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200-17210. The UCL prohibits unfair competition by prohibiting, *inter alia*, any unlawful or unfair business acts or practices.

180.   At some point more than four years ago, Defendants committed and continue to commit, acts of unfair competition, as defined by the UCL, by, among other things, engaging in the acts and practices described herein. Defendants' conduct as herein alleged has injured California Plaintiffs and the putative California Class by wrongfully denying them earned wages, and therefore was substantially injurious to California Plaintiffs and the putative California Class.

181.   Defendants engaged in unfair competition in violation of the UCL by violating, *inter alia*, each of the following laws. Each of these violations constitutes an independent and separate violation of the UCL:

  a.   The Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262;

  b.   California Labor Code § 1182.12, which provides in pertinent part:

> Notwithstanding any other provision of this part, on and after July 1, 2014, the minimum wage for all industries shall be not less than nine dollars ($9) per hour, and on and after January 1, 2016, the minimum wage for all industries shall be not less than ten dollars ($10) per hour;

  c.   California Labor Code § 1194, which provides in pertinent part:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit;

     d.    California Labor Code § 1182.13 and MW-2017, setting minimum wage for 2017 at $10.50 for employers with 26 or more employees;

     e.    California Labor Code §§ 201-203, and 226;

     f.    California Labor Code § 1174; and

     g.    California Labor Code § 510, which provides in relevant part:

> Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee

182.   Defendants' course of conduct, acts, and practices in violation of the California laws mentioned in the above paragraph constitute a separate and independent violation of the UCL. Defendants' conduct described herein violates the policy or spirit of such laws or otherwise significantly threatens or harms competition.

183.   The unlawful and unfair business practices and acts of the Defendants, described above, have injured California Plaintiffs and the putative California Class in that they were wrongfully denied payment of earned wages.

184.   California Plaintiffs, on behalf of themselves and the putative California Class, seeks restitution in the amount of the respective unpaid wages earned and due at a rate of not less than the minimum wage for all hours worked

under 40 in a given workweek or under eight on a given day, and overtime wages earned and due at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, or eight hours in a day, or for the first eight hours of work performed on the seventh consecutive day of work, and double the regular rate of pay for work performed in excess of twelve hours per day and for all work over eight hours on the seventh consecutive day of work in a workweek.

185.    California Plaintiffs seek recovery of attorneys' fees and costs of this action to be paid by Defendant, as provided by the UCL and California Labor Code §§ 218, 218.5, & 1194.

### 3.    Third Claim for Relief – Minimum Wage Violations, Cal. Wage Order No. MW-2017; Cal. Labor Code §§ 1182.11, 1182.12, & 1194

186.    The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

187.    The California Labor Code requires that all employees be paid minimum wages by their employers. The current California Minimum Wage is $10.50. Cal. Labor Code. § 1182.12, MW-2017. Before January 1, 2017, the California Minimum Wage was $10.00; before January 1, 2016, the California Minimum Wage was $9.00; and before July 1, 2014, the California Minimum Wage was $8.00.[1]

---

[1] *See generally*, State of Cal. Dep't of Indus. Relations, *History of California Minimum Wage* https://www.dir.ca.gov/iwc/MinimumWageHistory.htm (last accessed March 14, 2017).

188.   The California Minimum Wage is and has, at all times relevant to this lawsuit, always been higher than the minimum wage required by the FLSA. Therefore, the higher California Minimum Wage applies to California Plaintiffs and all members of the putative California Class, defined below. 29 U.S.C. § 218(a).

189.   Defendants' policy or practice of requiring California Plaintiffs and the putative California Class to complete mandatory online training off-the-clock resulted in a violation of these minimum wage provisions.

190.   As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, California Plaintiffs and the putative California Class have sustained damages, including loss of earnings for hours worked under forty in a workweek, or under eight hours per day ("straight time") during the four year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages[2] and costs and attorneys' fees, pursuant to statute and other applicable law.

### 4.   Fourth Claim for Relief – Overtime Violations, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 510, 1194

191.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

192.   California law requires an employer to pay overtime compensation to all nonexempt employees at a rate of overtime compensation at a rate of one and one-half times the regular rate of pay for all hours worked over forty per week, or

---

[2] *See* Cal. Labor Code § 1194.2 (authorizing liquidated damages for an employer's failure to pay minimum wages).

over eight per day, or for the first eight hours of work on the seventh consecutive

day of work in a workweek, and at a rate of twice the regular rate of pay for all

hours worked in excess of 12 hours in one day, and for any hours worked in excess

of eight hours on the seventh consecutive day of work in a workweek. Cal. Labor

Code § 510.

193.   California wage and hour laws provide greater protections for workers

than the FLSA. Therefore, California wage and hour laws apply to California

Plaintiffs and all members of the putative California Class, defined below, where

they provide greater protections to workers. 29 U.S.C. § 218(a).

194.   Throughout the time period relevant to this claim for relief, California

Plaintiffs and the putative California Class worked in excess of eight hours in a

workday and/or forty hours in a workweek. California Plaintiffs and the putative

California Class also sometimes worked in excess of 12 hours in one day and for

over eight hours on a seventh consecutive day of work.

195.   Defendants' policy and practice of requiring that mandatory online

training be completed off-the-clock resulted in a violation of these overtime wage

provisions.

196.   As a direct and proximate result of Defendants' unlawful conduct, as

set forth herein, California Plaintiffs and the putative California Class have

sustained damages, including loss of earnings for hours of overtime worked on

behalf of Defendants during the four year period relevant to this lawsuit in an

amount to be established at trial, prejudgment interest, and costs and attorneys'

fees, pursuant to statute and other applicable law.

### 5.  Fifth Claim for Relief – California Record-Keeping Provisions, Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 226, 1174, &1174.5

197.  The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

198.  Defendants knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to California Plaintiffs and the putative California Class in accordance with California Labor Code § 226(a) and the applicable IWC Wage Order. Such failure caused injury to California Plaintiffs and the putative California Class by, among other things, impeding them from knowing the amount of wages to which they were and are entitled. On information and belief, at all times relevant herein, Defendants have failed to maintain records of hours worked by California Plaintiffs and the putative California Class as required under California Labor Code § 1174(d).

199.  California Plaintiffs and the putative California Class are entitled to and seek injunctive relief requiring Defendants to comply with Labor Code §§ 226(e) & 1174(d), and further seek the amount provided under Labor Code §§ 226(e) & 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

### 6.  Sixth Claim for Relief – California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203

200.  The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

201.   California Labor Code §§ 201 and 202 require Defendant to pay employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must, as a penalty, continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

202.   California Plaintiffs and the putative California Class Members who ceased employment with Defendant are entitled to unpaid compensation and other monies, as alleged above, but to date have not received such compensation.

203.   More than thirty days have passed since California Plaintiffs and certain putative California Class Members left relevant Defendants' employ.

204.   As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, Plaintiff and the putative California Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

**7.   Seventh Claim for Relief – California PAGA Claims Cal. Wage Order No. 5-2001/7-2001; Cal. Labor Code §§ 2698-2699.5**

205.   The California Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

206.   Under the California Private Attorneys General Act ("PAGA") of 2004, Cal. Labor Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself or herself and other current or former employees as well as the general

public, may bring a representative action as a private attorney general to recover penalties for an employer's violations of the California Labor Code and IWC Wage Orders. These civil penalties are in addition to any other relief available under the California Labor Code, and must be allocated 75% to California's Labor and Workforce Development Agency and 25% to the aggrieved employee. Cal. Labor Code § 2699.

207.   Pursuant to Cal. Labor Code § 1198, Defendants' failure to pay proper compensation to California Plaintiffs and the putative California Class, failure to keep and furnish them with records of hours worked, and failure to pay them all wages due immediately upon discharge and within the time required by law after their employment ended is unlawful and constitutes violations of the California Labor Code, each actionable under PAGA.

208.   California Plaintiffs allege, on behalf of themselves and the putative California Class, as well as the general public, that Defendants have violated the following provisions of the California Labor Code and the following provisions of California Wage Orders that are actionable through the Cal. Labor Code and PAGA, as previously alleged herein: Cal. Wage Order No. 5-2001/7-2001, Cal. Labor Code §§ 201-203, 510, 1174, 1174.5, 1182.11, 1182.12, 1194. Each of these violations entitles Plaintiff, as a private attorney general, to recover the applicable statutory civil penalties on her own behalf, on behalf of all aggrieved employees, and on behalf of the general public.

209.   California Plaintiffs are entitled to civil penalties to be paid by relevant Defendants and allocated as PAGA requires, pursuant to Cal. Labor Code

§ 2699(a), for Defendants' violations of the California Labor Code and relevant IWC Wage Order(s) for which violations a civil penalty is already specifically provided by law. Further, California Plaintiffs are entitled to civil penalties to be paid by Defendants and allocated as PAGA requires, pursuant to § 2699(f) for Defendants' violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

210.   On May 16, 2018; July 13, 2018; California Plaintiffs provided written notice and amended written notice by electronic submission to the California Labor & Workforce Development Agency ("LWDA") and by certified mail to Defendant Papa John's International, Inc. through its registered agent of the legal claims and theories of this case contemporaneously with the filing of the Complaint in this action. As of the filing of this Third Amended Complaint, the LWDA has not notified the California Plaintiffs whether it intends to investigate the allegations described in those written notices. Pursuant to California Labor Code, Section 2699.3(a)(2)(A), "[u]pon receipt of [notice to aggrieved employee that LWDA does not intend to investigate alleged violation] or if no notice is provided within 65 calendar days of the postmark date of the notice given [. . .] the aggrieved employee may commence a civil action pursuant to Section 2699." Accordingly, the California Plaintiffs have exhausted their administrative remedies, and may now assert this claim pursuant to Cal. Labor Code § 2699.3(a)(2). California Plaintiffs shall file a notice with the Court when written notice by electronic submission to the LWDA is completed upon relevant Defendants other than Defendant Papa John's International, Inc.

211.   Under PAGA, California Plaintiffs and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and Wage Order(s) that are alleged in this Complaint.

### 8.   Eighth Claim for Relief – Minimum Wage Violations, N.Y. Lab. Law §§ 652, 663.

212.   Plaintiff Alvin English (the "New York Plaintiff") incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

213.   The New York Labor Law requires that all employees be paid minimum wages by their employers. The current New York Minimum Wage is $13.00 per hour for large employers. N.Y. Lab. Law § 652. Before December 31, 2017, the New York Minimum Wage was $11.00 for large employers; before December 31, 2016, the New York Minimum Wage was $9.00 for large employers; before December 31, 2015, the New York Minimum Wage was $8.75; before December 31, 2014, the New York Minimum Wage was $8.00; before December 31, 2013, the New York Minimum Wage was $7.15. *Id.*

214.   The New York Minimum Wage is and has, at all times relevant to this lawsuit, always been higher than the minimum wage required by the FLSA. Therefore, the higher New York Minimum Wage applies to New York Plaintiff and all members of the putative New York Class, defined below. 29 U.S.C. § 218(a).

215.   The Franchisor Defendant's policy or practice of requiring New York Plaintiff and the putative New York Class to complete mandatory online training off-the-clock resulted in a violation of these minimum wage provisions.

216.   As a direct and proximate result of the Franchisor Defendant's unlawful conduct, as set forth herein, New York Plaintiff and the putative New York Class have sustained damages, including loss of earnings for hours worked under forty in a workweek during the six year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages in an amount equal to the back wages and costs and attorneys' fees, pursuant to statute and other applicable law. [3]

**9.   Ninth Claim for Relief – Overtime Violations, N.Y. Lab. Law §§ 160, 190-199.; N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.**

217.   New York Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section, unless inconsistent.

218.   New York law requires that an employee shall be compensated at a rate of one and one-half times their normal wage rate for all work in excess of forty hours in a workweek. N.Y. Lab. Law §§ 160, 190-199. New York law also requires that an employee shall receive one hour's pay at the basic minimum hourly wage rate in addition to the minimum wage required for any day in which said employee works for ten or more hours. N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.4.

---

[3] N.Y. Lab. Law §§ 663.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

219.   New York wage and hour laws provide greater protections for workers than the FLSA. Therefore, New York wage and hour laws apply to New York Plaintiff and all members of the putative New York Class, defined below, where they provide greater protections to workers. 29 U.S.C. § 218(a).

220.   Throughout the time period relevant to this claim for relief, New York Plaintiff and the putative New York Class worked in excess of eight hours in a workday and/or forty hours in a workweek. New York Plaintiff and the putative New York Class also sometimes worked in excess of 10 hours in one day.

221.   The Franchisor Defendant's policy and practice of requiring that mandatory online training be completed off-the-clock resulted in a violation of these overtime wage provisions.

222.   As a direct and proximate result of the Franchisor Defendant's unlawful conduct, as set forth herein, New York Plaintiff and the putative New York Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of the Franchisor Defendant during the six year period relevant to this lawsuit in an amount to be established at trial, prejudgment interest, liquidated damages, treble damages if the Franchisor Defendant's conduct is willful, and costs and attorneys' fees, pursuant to statute and other applicable law.[4]

## IX.   JURY DEMAND

223.   Plaintiffs hereby demand a jury trial on all causes of action and claims for relief with respect to which they and the putative Collective and California and New York Class Action Members have a right to jury trial.

---

[4] N.Y. Lab. Law § 198.

Case No. 8:18-cv-00871 DOC
Third Amended Complaint

1

## X.    DAMAGES AND PRAYER

2      224.    Plaintiffs ask that the Court issue summons for Defendants to appear

3  and answer, and that Plaintiffs and the Collective and California and New York

4  Class Action Members be awarded a judgment against Defendant or order(s) from

5  the Court for the following:

6
                a.      An order conditionally certifying this case as an FLSA
                        collective action and requiring notice to be issued to all putative
7                       Collective Action Members;

8
                b.      An order certifying that the California State Law Claims may
                        be maintained as a class action pursuant to Federal Rule of
9                       Civil Procedure 23;

10
                c.      An order certifying that the New York State Law Claims may
                        be maintained as a class action pursuant to Federal Rule of
11                      Civil Procedure 23;

12
                d.      Designation of Plaintiffs Sofia Avalos, Louis Breazil, and Max
                        Coover as Representatives of the California Class Action
13                      Members;

14
                e.      Designation of Alvin English as Representative of the New
                        York Class Action Members;
15

16
                f.      Designation of attorneys Todd Slobin and Ricardo J. Prieto, of
                        Shellist Lazarz Slobin, LLP, and Allen Vaught and Melinda
17                      Arbuckle, of Baron & Budd, P.C., as Class Counsel for the
                        California Class Action Members;

18
                g.      A declaratory judgment that the practices complained of herein
                        are unlawful under the FLSA and California and New York
19                      State law;

20
                h.      An injunction against Defendants and their officers, agents,
                        successors, employees, representatives, and any and all persons
21                      acting in concert with Defendants, as provided by law, from
                        engaging in each of the unlawful practices, policies, and
22                      patterns set forth herein;

23

24

i. An award of damages including all unpaid wages at the FLSA or state-mandated minimum wage rate, overtime compensation for all hours worked over forty in a workweek or, in California, over eight hours in a day and for the first eight hours worked on the seventh consecutive day of work in a workweek at the applicable time and one half rate, and at the relevant double time rate for hours worked over 12 in a given day and for all hours over eight worked on the seventh consecutive day of work in a workweek, liquidated damages, and restitution;

j. Appropriate statutory penalties;

k. Costs of action incurred herein, including expert fees;

l. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

m. Pre-judgment and post-judgment interest, as provided by law;

n. Such other injunctive and equitable relief as the Court may deem just and proper.

March 20, 2019

Respectfully submitted,

By:     s/Melinda Arbuckle
        Melinda Arbuckle

**BARON & BUDD, P.C.**
Allen R. Vaught (admitted *Pro Hac Vice*)
avaught@baronbudd.com
Melinda Arbuckle (Cal. Bar No. 302723)
marbuckl@baronbudd.com
15910 Ventura Boulevard, Suite 1600
Encino, California 91436
Telephone: (818) 839-6506
Facsimile: (818) 986-9698

**SHELLIST | LAZARZ | SLOBIN LLP**
Todd Slobin (admitted *Pro Hac Vice*)
tslobin@eeoc.net
Ricardo J. Prieto (admitted *Pro Hac Vice*)
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Telephone: (713) 621-2277
Facsimile: (713) 621-0993

*Counsel for Plaintiffs and Proposed Class
and Collective Action Members*

Case No. 8:18-cv-00871 DOC
Third Amended Complaint