# EXHIBIT A

# FLSA SETTLEMENT AGREEMENT

## SETTLEMENT AND RELEASE AGREEMENT

Plaintiff Sarah Ponder, the Settlement Opt-In Plaintiffs (as defined below), and the Settling Franchisee Plaintiffs (as defined below) ("Plaintiffs"), and Defendant Papa John's International, Inc. ("PJI," or "Defendant") (Plaintiffs and PJI collectively referred to as the "Parties"), by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Settlement and Release Agreement (the "Agreement"), hereby stipulate and agree, subject to the Court's approval pursuant to the Fair Labor Standards Act ("FLSA"), as follows:

1.   **RECITALS**

WHEREAS, on May 17, 2018, named Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, and Alvin English filed a lawsuit against PJI in the U.S. District Court for the Central District of California, Case No. 8:18-CV-00871, asserting a collective action under the FLSA, 29 U.S.C. § 216(b), and alleging separate class claims under California and New York state law, for the alleged failure to pay statutorily-mandated minimum wages and/or overtime wages due to PJI's alleged policy or practice of requiring that mandatory online training be completed "off-the-clock" (the "Litigation," as defined below).

WHEREAS, on July 12, 2018, Plaintiffs filed their First Amended Complaint, adding Max Coover as a named Plaintiff.

WHEREAS, named Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, Alvin English, and Max Coover brought this Litigation against PJI based on a "joint-employer" theory of liability, as they worked at various independently owned and operated Papa John's franchisees and were not employed by PJI at PJI corporate-owned stores.

WHEREAS, between May 17, 2018 and October 21, 2019, ninety-five (95) individuals submitted consents to join the Litigation ("Opt-In Plaintiffs"), eight (8) of whom, including Plaintiff Ponder, were employed by PJI at various PJI corporate-owned stores, while the other eighty-seven (87) Opt-In Plaintiffs were not.

WHEREAS, on August 7, 2018, Plaintiffs filed a Motion for Conditional Certification of FLSA Collective Action and Issuance of Notice ("Motion for Conditional Certification"), seeking to conditionally certify a putative FLSA collective action defined as "[a]ll current and former hourly-paid company and franchise employees of Papa John's who were required to complete mandatory online training off-the-clock, and who worked at any location in the United States from any time starting three years before a collective action may be conditionally certified until the date the case resolves."

WHEREAS, on August 31, 2018, PJI filed a Response in Opposition to Plaintiffs' Motion for Conditional Certification.

WHEREAS, on October 11, 2018, the Court stayed Plaintiffs' Motion for Conditional Certification, which stay has not been lifted.

WHEREAS, on June 7, 2019, Plaintiffs filed their Fourth Amended Complaint, which is the current operative complaint in the Litigation.

WHEREAS, on October 14, 2019, the Parties attended mediation with neutral Hunter R. Hughes III.

WHEREAS, on December 18, 2019, the Parties attended a second mediation with neutral Dennis Clifford, and continued their negotiations following the second mediation session with the assistance of Mr. Clifford until December 27, 2019, when the Settlement described below ("Settlement") was reached as to all claims of Plaintiff Ponder and the Participating Plaintiffs (as defined below) on a claims-made, FLSA opt-in collective action basis, and as to all claims of the Franchisee Plaintiffs (as defined below) each on an individual basis, as a result of extensive and contested arm's-length negotiations between the Parties and their counsel, which Settlement in principle was memorialized in a Memorandum Of Understanding ("MOU") on January 21, 2020.

WHEREAS, before entering into the MOU and this Agreement, the Parties, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the claims, potential remedies, and all defenses thereto, including as to both the merits and collective action certification. During the settlement negotiations and mediations, the Parties exchanged sufficient information, records, and wage-and-hour related data to permit the Parties and their respective counsel to evaluate the claims and potential defenses and engage in meaningful and informed settlement discussions.

WHEREAS, this Agreement and all associated Exhibits is made for the sole purpose of resolving all claims brought or which could have been brought in the Litigation on a global basis. This Agreement is made in compromise of *bona fide* disputed claims. Because the Litigation was pled as a representative action and asserts claims under the FLSA, it shall be submitted to the Court for approval. Accordingly, the Parties enter into this Agreement on a conditional basis. In the event that the Court does not enter an order approving the Settlement, or in the event the associated Judgment does not become a final judgment for any reason, this Agreement shall be deemed voidable and unenforceable, subject to the Parties' agreement to the contrary. Further, the negotiation, terms, and entry of this Agreement shall remain subject to the provisions of Rule 408 of the Federal Rules of Evidence and any other analogous rules of evidence that are applicable.

WHEREAS, Plaintiff Ponder believes that the claims settled herein have merit, but Plaintiff Ponder and Collective Action Counsel (as defined below) recognize and acknowledge the uncertain outcome and risk of any litigation and the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions, as well as the difficulties and delay inherent in such litigation. Plaintiff Ponder also believes that the settlement set forth in this Agreement confers substantial benefits upon her and other purportedly similarly-situated individuals. Based on their evaluation of the above, Plaintiff Ponder and Plaintiffs' counsel have determined that the Settlement set forth in this Agreement is in Plaintiffs' best interests.

WHEREAS, PJI vigorously denies and continues to dispute all of the claims and contentions in the Litigation and denies any and all allegations of wrongdoing, fault, liability or

damage of any kind to any Participating Plaintiff or Franchisee Plaintiff. PJI also vigorously denies and continues to dispute whether Plaintiff Ponder could ever conditionally certify her claims as a collective action. PJI further vigorously denies and continues to dispute the allegation that it is a joint-employer of the Franchisee Plaintiffs. However, PJI also recognizes and acknowledges the risks and potential costs of continued litigation of the Litigation, on the one hand, and the benefits of the proposed Settlement, on the other hand, and desires to settle the Litigation upon the terms and conditions set forth in this Agreement.

WHEREAS, each Participating Plaintiff will be provided the opportunity to return a claim form and release and submit a consent to join the Litigation, for purposes of participating in this Settlement and receiving consideration in exchange for releasing his or her claims hereunder.

WHEREAS, each Franchisee Plaintiff will be provided the opportunity to return a release, for purposes of participating in this Settlement and receiving consideration in exchange for releasing his or her claims hereunder.

WHEREAS, in order to avoid protracted litigation and the associated legal costs and expenses, the Parties desire to conclusively and finally resolve the Litigation and settle all alleged unpaid wage claims in controversy between Plaintiffs and PJI.

The Parties hereby agree and represent that, in consideration of the respective obligations and rights set forth herein between the Parties and other adequate consideration, the receipt and sufficiency of which is acknowledged, the Parties covenant and agree as follows:

## 2.   **DEFINITIONS**

The following terms have the following meanings, unless this Agreement specifically provides otherwise:

2.1    "Collective Action Counsel" means the law firms of Shellist Lazarz Slobin LLP, and Vaught Firm, LLC.

2.2    "Defense Counsel" means the law firm of Seyfarth Shaw LLP.

2.3    "Effective Date" means the later of: (1) the Court's approval of the Settlement, assuming no objection has been filed; (2) the time for an appeal has expired without the filing of any appeal, in the event that an objection has been filed; or (3) the final resolution of any appeal, writ, or challenge to the Settlement upholding the Settlement that has been filed and docketed. The Settlement is not effective pending any appeal, writ, or challenge to the Settlement.

2.4    "Litigation" shall mean the lawsuit entitled *Avalos, et al. v. Papa John's International, Inc., et al.*, 18-CV-00871 (C.D. Cal.), currently pending in the U.S. District Court for the Central District of California.

2.5    "Participating Plaintiff" means and shall include each and every one of the following individuals:

2.5.1   Plaintiff Ponder;

2.5.2   The additional seven (7) Opt-In Plaintiffs as listed in Exhibit A, who submitted a consent to join in the Litigation and were employed by PJI at a PJI corporate-owned store, whether or not they are subject to an arbitration agreement with PJI; and

2.5.3   All remaining current and former non-exempt hourly-paid employees of PJI who worked at any location in the United States owned by PJI from the time period of May 17, 2015 through January 21, 2020, inclusive, and who completed training using the Cornerstone Learning Management System, whether or not they are subject to an arbitration agreement with PJI.

2.5.4   Participating Plaintiffs do not include the Franchisee Plaintiffs, as defined below.

2.6   "Settlement Opt-In Plaintiffs" means any Participating Plaintiff who timely returns a claim form and release, consenting to join the Litigation, for purposes of participating in this Settlement and receiving a settlement payment in exchange for releasing his or her claims hereunder.

2.7   "Franchisee Plaintiff" means and shall include each and every of the following individuals:

2.7.1   Named Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, Alvin English, and Max Coover; and

2.7.2   The eighty-seven (87) Opt-In Plaintiffs as listed in Exhibit B, who submitted a consent to join in the Litigation and were not employed by PJI at a PJI corporate-owned store.

2.8   "Settling Franchisee Plaintiffs" means any Franchisee Plaintiff who timely returns a release, for purposes of participating in this Settlement and receiving a complimentary Papa John's Gift Card in exchange for releasing his or her claims hereunder.

2.9   "Gross Settlement Fund" means the maximum Three Million Four Hundred Thousand Dollars and No Cents ($3,400,000.00) that PJI will pay as consideration to fully and finally resolve the claims in this Litigation as provided in this Agreement.

2.10   "Net Settlement Fund" means all amounts remaining for distribution to each Settlement Opt-In Plaintiff after deducting from the Gross Settlement Fund amounts for the gift cards to all Franchisee Plaintiffs, reasonable service award, attorneys' fees awarded to Collective Action Counsel by the Court, costs of litigation awarded to Collective Action Counsel by the Court, settlement administration costs, and any other costs.

3. **CONSIDERATION, SETTLEMENT FUND ALLOCATION AND TAXES**

3.1 **Consideration**: To fully and finally resolve the claims in this Litigation, PJI agrees to pay a maximum gross settlement amount of Three Million Four Hundred Thousand Dollars and No Cents ($3,400,000.00) (the "Gross Settlement Fund"), inclusive of all payments for gift cards, service awards, attorneys' fees and costs, interest, liquidated and/or multiple damages, all costs of settlement administration, and all payments to Plaintiff Ponder and the Participating Plaintiffs. In no event shall PJI pay more than the total amount of $3,400,000.00 in settlement of the Litigation. However, PJI will be solely responsible for the employer-side portion of payroll taxes applicable to payments to Participating Plaintiffs from the Gross Settlement Fund, separate from the monies in the Gross Settlement Fund.

3.2 **Collective Action Certification For Settlement Purposes Only**: The Parties stipulate to the sending of a notice of collective action settlement, with claim form and release, to the Participating Plaintiffs, and to the certification of a collective action for settlement purposes only, consisting of only the Participating Plaintiffs. The Parties agree that there are a total of approximately 120,075 Participating Plaintiffs eligible to participate in this Settlement who collectively worked a total of approximately 3,477,576 workweeks, and who may potentially be entitled to some recovery under this Settlement. In the event that the Agreement is not approved by the Court, or if any appellate court per an appeal fails to approve the Settlement, PJI expressly reserves the right to challenge and object to the propriety of collective action certification for any purpose other than a possible settlement.

3.3 **Gift Cards**: PJI shall issue a complimentary Papa John's Gift Card ("Gift Card") to each Franchisee Plaintiff who timely submits a Release to the Settlement Administrator (as defined in Section 5.1 below) ("Settling Franchisee Plaintiff"). Each Gift Card shall have a fixed dollar amount of Fifty Dollars ($50.00), which will be paid out of the Gross Settlement Fund. Use of the Gift Cards will be subject to PJI's Gift Card Terms and Conditions, available at papajohns.com/gift-cards. The Gift Cards may be applied toward the purchase of food, beverage or gratuity from any participating Papa John's owned and affiliated restaurant location in the United States, including at any participating restaurant location owned and operated by PJI or any participating restaurant location independently owned and operated by a Papa John's franchisee. The Gift Cards may be used either in-store at the restaurant location, by telephone, or online at papajohns.com. The Gift Cards may be used in conjunction with any other Papa John's gift card, coupon, or discount. The Gift Cards may be used any day of the year. The Settling Franchisee Plaintiffs using these Gift Cards will not have to identify themselves or demonstrate their entitlement to the Gift Cards under this Settlement. The Gift Cards will not have an expiration date. The Gift Cards will be freely-transferrable to third-parties upon their receipt by the Settling Franchisee Plaintiffs. The Gift Cards will not be redeemable for cash, and the Settling Franchisee Plaintiffs shall not be entitled to the cash value of any balance remaining on any Gift Card, unless required by law. The Settling Franchisee Plaintiffs shall not be entitled to new Gift Cards with any remaining balance and Gift Cards will not be replaced if the Gift Cards are lost, stolen, damaged, or destroyed. The Gift Cards shall be treated as non-wage income. Gift Cards shall be distributed to each Settling Franchisee Plaintiff upon timely receipt of his or her Release by the Settlement Administrator, as described in Section 5.2 of the Agreement.

3.4     **Service Award**: Plaintiff Ponder, in fulfilling her obligations and responsibilities as Collective Action representative of the Participating Plaintiffs, and in recognition of the benefits conferred on all Participating Plaintiffs by this Settlement, may apply for a service award in an agreed total amount not to exceed Five Thousand Dollars ($5,000.00) ("Service Award"). PJI will not oppose or object to the Service Award up to that amount, which will be paid out of the Gross Settlement Fund and would be in addition to the individual settlement amount (as described in Section 3.6 of the Agreement) paid to Plaintiff Ponder. Any Service Award shall not be subject to withholdings. Plaintiff Ponder shall provide to PJI, through Collective Action Counsel, an IRS Form W9, and Plaintiff Ponder will be issued an IRS Form 1099 by PJI. The Court's approval of the Service Award is not a condition of the Agreement, and an award by the Court of less than the requested amount will not give rise to a basis for Plaintiffs or Collective Action Counsel to abrogate the Agreement.

3.5     **Attorneys' Fees And Costs**: Collective Action Counsel may apply for an award of attorneys' fees and costs. The attorneys' fees for which Collective Action Counsel may apply will not exceed 30% of the Gross Settlement Fund (*i.e.*, will not exceed $1,020,000), or an amount approved by the Court, and expenses for which Collective Action Counsel may apply will not exceed Eighty Thousand Dollars ($80,000.00). PJI shall not object to any application for attorneys' fees and costs made in accordance with this provision to the extent not inconsistent with applicable law. All attorneys' fees, expenses, and costs ordered by the Court will be paid from the Gross Settlement Fund and will be reported as 1099 income to Collective Action Counsel. Collective Action Counsel will be issued an IRS Form 1099 for the attorneys' fees and costs paid under this Agreement. Plaintiffs and Collective Action Counsel understand and agree that any payments for attorneys' fees and costs made under this Agreement will be the full, final, and complete payment of all attorneys' fees and costs arising from or relating to the Litigation. Plaintiffs and Collective Action Counsel further represent and warrant that no attorney, other than Collective Action Counsel, has any attorneys' lien on or claim to any proceeds arising out of the Litigation, and that the terms of this Agreement shall fully satisfy any and all claims by any attorney arising out of the Litigation. The Court's approval of any request for attorneys' fees and costs is not a condition of the Agreement, and an award of less than the requested amounts will not give rise to a basis for Plaintiffs or Collective Action Counsel to abrogate the Agreement.

3.6     **Net Settlement Fund**: All amounts remaining in the Gross Settlement Fund for distribution to each Participating Plaintiff consenting to join the collective action ("Settlement Opt-In Plaintiff"), after deducting the amounts for the Gift Cards for all Franchisee Plaintiffs, a reasonable Service Award, any attorneys' fees awarded to Collective Action Counsel by the Court, any costs of litigation expenses awarded to Collective Action Counsel by the Court, settlement administration costs, and any other costs, will be considered the "Net Settlement Fund." Each Participating Plaintiff who worked one or more workweeks shall by formula be allocated a pro rata share of the Net Settlement Fund. The total number of workweeks will be calculated for each Participating Plaintiff. Thereafter, the resulting total number of workweeks shall be reduced by 50% if the Participating Plaintiff is subject to an arbitration agreement with PJI. Following the calculation of the total number of workweeks for each Participating Plaintiff, each Participating Plaintiff's workweeks shall be divided by the sum of the workweeks of all Participating Plaintiffs as a whole, and the resulting fraction shall be multiplied by the Net Settlement Fund amount. The distribution formula shall operate in such a way that no Settlement

Settlement And Release Agreement

Opt-In Plaintiff shall receive a windfall. As a claims-made settlement, Net Settlement Funds shall be distributed to each Settlement Opt-In Plaintiff upon timely receipt of his or her Consent, Claim Form and Release (as described in Section 5.2 of the Agreement) by the Settlement Administrator, as defined in Section 5.1 below.

3.7 **Tax Treatment**: The Parties agree that 50% of each settlement payment from the Net Settlement Fund to Plaintiff Ponder and each Settlement Opt-In Plaintiff shall constitute wages from which the employer's applicable payroll taxes and employee's applicable payroll taxes shall be withheld, and reported on an IRS Form W-2. The Parties further agree that 50% of each settlement payment from the Net Settlement Fund to Plaintiff Ponder and each Settlement Opt-In Plaintiff shall constitute liquidated damages and/or penalties reported on an IRS Form 1099.

3.8 **Tax Liability**: Plaintiff Ponder and each Settlement Opt-In Plaintiff will be responsible for his or her share of any tax liability, penalties, and interest arising from each of their respective allocations of settlement funds. PJI will be responsible for any tax liability, penalties, and interest arising from PJI's respective allocation of settlement funds. All payments made to Plaintiff Ponder and to the Settlement Opt-In Plaintiffs in resolution of their claims in this Litigation will not be considered wages for purposes of calculating, or recalculating, benefits provided by PJI, or to PJI's employees and their beneficiaries under the terms or conditions of any benefit plan.

4. **APPROVAL AND DISMISSAL OF THE ACTION**

4.1 **Motion For Approval Of Settlement**: Plaintiffs will prepare (for PJI's review and concurrence) and file a motion for approval of the Settlement (the "Settlement Motion") with a Proposed Order, granting approval of the Settlement in its particulars, approving the form, content, and method of distribution of the notice to Participating Plaintiffs, approving the amounts payable to the Settlement Opt-In Plaintiffs and Collective Action Counsel, and entering judgment dismissing the Litigation with prejudice, subject to the Court's reservation of jurisdiction to effectuate the Settlement. PJI and Defense Counsel will cooperate with Plaintiffs and their counsel in preparation of the Settlement Motion. PJI shall be given a minimum of five (5) days to review the Settlement Motion prior to its filing. Plaintiffs shall consider in good faith any of PJI's comments, if any, before filing the Settlement Motion.

4.2 **Fifth Amended Complaint**: Concurrent with the filing of the Settlement Motion, Plaintiffs shall request that the Court approve the filing of an amended complaint (the "Fifth Amended Complaint"), which will strike all of the class and/or collective claims of the Franchisee Plaintiffs, and it will add Plaintiff Ponder as a named Plaintiff. Plaintiffs shall provide PJI with a copy of the proposed Fifth Amended Complaint for PJI's input and consent prior to filing. The filing of the Fifth Amended Complaint will be by agreement of the Parties.

5. **SETTLEMENT ADMINISTRATION**

5.1 **Settlement Administrator**: The Parties agree to select by mutual agreement after three competitive bids, and for Plaintiffs to engage, a third-party administrator (the "Settlement Administrator") to handle the administration of the Settlement (including notice to

the Franchisee Plaintiffs, receipt of Releases from Franchisee Plaintiffs, notice to the Participating Plaintiffs, receipt of Consents, Claim Forms and Releases from Participating Plaintiffs, running up to one skip trace on undeliverable mail, processing and mailing of Gift Cards to the Settling Franchisee Plaintiffs, the calculation (subject to the formula as described in Section 3.6 of the Agreement), processing and mailing of settlement payments to the Settlement Opt-In Plaintiffs, and preparation and filing of associated tax reporting documents, including the filing of the IRS Forms W-2 and IRS Forms 1099 as referenced in Section 3.7 of the Agreement).

5.2     **Distribution Timing And Process:**

5.2.1   Within fourteen (14) days after the Effective Date, the Settlement Administrator will: (i) mail the Service Award as approved by the Court to Plaintiff Ponder in care of Collective Action Counsel, and (ii) pay any attorneys' fees, litigation expenses, and costs as approved by the Court to Collective Action Counsel via wire transfer. Collective Action Counsel will be responsible for distributing attorneys' fees to any other additional counsel for Plaintiff Ponder and the Settlement Opt-In Plaintiffs.

5.2.2   Within thirty-five (35) days after the Effective Date (including after certification of the collective action for settlement purposes only as described in Section 3.2 of the Agreement), the Settlement Administrator shall mail: (i) to each Participating Plaintiff the Settlement Notice attached hereto as Exhibit C and the Consent, Claim Form and Release attached hereto as Exhibit D, at the Participating Plaintiffs' respective last-known residence mailing addresses to be provided to the Settlement Administrator by PJI, and (ii) to each Franchisee Plaintiff the Settlement Notice attached hereto as Exhibit E and the Release attached hereto as Exhibit F, at the Franchisee Plaintiffs' respective last-known residence mailing addresses to be provided to the Settlement Administrator by their Counsel. If any Settlement Notice is returned by the postal service as undeliverable, the Settlement Administrator will make a second and final attempt through skip-tracing to mail the returned Settlement Notice to the last known or updated address of the intended recipient.

5.2.3   In order to receive a payment under this Settlement, a Participating Plaintiff must properly sign and return the Consent, Claim Form and Release, as directed therein, within sixty (60) days after the mailing of the Consent, Claim Form and Release to the Participating Plaintiff by the Settlement Administrator. In order to receive a Gift Card under this Settlement, a Franchisee Plaintiff must properly sign and return the Release, as directed therein, within sixty (60) days after the mailing of the Release to the Franchisee Plaintiff by the Settlement Administrator. The Settlement Administrator will report the names of each Participating Plaintiff returning a validly executed Consent, Claim Form and Release, each Franchisee Plaintiff returning a validly executed Release, and the date of receipt of same, to all Counsel.

5.2.4    Within thirty (30) days after the Settlement Administrator has received a timely and correctly completed Consent, Claim Form and Release from a Settlement Opt-In Plaintiff, PJI shall provide the Settlement Administrator with the equivalent of the total settlement payment to be provided to that Settlement Opt-In Plaintiff, in accordance with the terms of Section 3.6 of the Agreement.  Within thirty (30) days after the Settlement Administrator has received a timely and correctly completed Release from a Settling Franchisee Plaintiff, PJI shall provide the Settlement Administrator with the Gift Card to be provided to that Settling Franchisee Plaintiff, in accordance with the terms of Section 3.3 of the Agreement.

5.2.5    Within fourteen (14) days of receipt of the equivalent of the total settlement payment to be provided to a Settlement Opt-In Plaintiff from PJI, the Settlement Administrator shall mail the individual settlement payment to that Settlement Opt-In Plaintiff.  Within fourteen (14) days of receipt of the Gift Card to be provided to a Settling Franchisee Plaintiff from PJI, the Settlement Administrator shall mail the Gift Card to that Settling Franchisee Plaintiff.

5.2.6    The Settlement Administrator will mail: (i) each Settlement Opt-In Plaintiff his or her respective check to his or her last known address as provided by the Settlement Opt-In Plaintiff in his or her completed Consent, Claim Form and Release, and (ii) each Settling Franchisee Plaintiff his or her respective Gift Card to his or her last known address as provided by the Settling Franchisee Plaintiff in his or her completed Release.  Any portion of the Net Settlement Fund for which a Consent, Claim Form and Release is not timely returned by a Participating Plaintiff shall be deemed to remain the property of PJI, and PJI shall not be liable to provide the Settlement Administrator with any such funds to distribute.  Any Gift Card for which a Release is not timely returned by a Franchisee Plaintiff shall be deemed to remain the property of PJI, and PJI shall not be liable to provide the Settlement Administrator with any such Gift Cards to distribute.

5.3    **Uncashed Settlement Checks**: The Settlement Administrator shall report to all Counsel the names of each Settlement Opt-In Plaintiff who has cashed a settlement check. Checks to Settlement Opt-In Plaintiffs that remain uncashed for a period of one hundred and eighty (180) days after such checks are mailed shall remain the property of PJI.

6.    **RELEASE**

6.1    **Release By Plaintiff Ponder**: The Agreement is binding on Plaintiff Ponder (and each of her respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives) and releases all wage and hour claims made against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, or that reasonably could have arisen out of the same facts alleged in the Fifth Amended Complaint, whether known or

unknown, accrued to this date including but not limited to any and all claims under the FLSA; any and all claims arising out of any state wage, minimum wage, or overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime compensation against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, accrued to this date, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries (collectively "Released Entities").

    6.2    **Release By Settlement Opt-In Plaintiffs**: By signing the Consent, Claim Form and Release, and by further signing the back of the settlement payment check, each Settlement Opt-In Plaintiff, and each of his or her respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives, releases and fully discharges PJI and the Released Entities from liability as described in Section 6.1 of the Agreement.  Further, the Parties agree that they shall request the Court to enter an order with settlement bar provisions providing that all Settlement Opt-In Plaintiffs shall be deemed to have released any and all claims based on the factual allegations asserted in the Fifth Amended Complaint against PJI.

    6.3    **Plaintiff Ponder And Settlement Opt-In Plaintiffs' Release Of Unknown Claims**:  With regard to Released Claims only as described in Sections 6.1 and 6.2 of the Agreement, Plaintiff Ponder and the Settlement Opt-In Plaintiffs, and each of their respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives, waive all rights and benefits afforded by § 1542 of the Civil Code of the State of California (and other similar statutes and regulations), and do so understanding the significance of that waiver.  Section 1542 states:

    **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

    6.4    **Covenant Not To Sue By Settlement Opt-In Plaintiffs**: In addition to the above limited release, the Settlement Opt-In Plaintiffs agree not to sue any or all of the Released Entities in any forum, including any arbitral forum, for any claim covered by the waiver and release as described in Sections 6.1 and 6.2 of the Agreement, except that they may bring a claim to enforce this Agreement.  The Settlement Opt-In Plaintiffs also agree not to participate in any class or collective action against any or all of the Released Entities for any claim covered by the waiver and release as described in Sections 6.1 and 6.2 of the Agreement.

    6.5    **Release By Settling Franchisee Plaintiffs**:  By signing the Claim Form and Release, and in exchange for receiving a Gift Card, each Settling Franchisee Plaintiff, and each of his or her respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives, releases all wage and hour claims made against PJI and the Released Entities, pursuant to any alleged employment/joint-employment relationship or

apparent agency, or that reasonably could have arisen out of the same facts alleged in this
Lawsuit, whether known or unknown, accrued to this date including but not limited to any and
all claims under the FLSA; any and all claims arising out of any state wage, minimum wage, or
overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime
compensation against PJI and the Released Entities, pursuant to any alleged employment/joint-
employment relationship or apparent agency, accrued to this date.

     6.6    **Settling Franchisee Plaintiffs' Release Of Unknown Claims**:  With regard to
Released Claims only as described in Section 6.5 of the Agreement, the Settling Franchisee
Plaintiffs, and each of their respective past, present, and future attorneys, agents, heirs,
guardians, executors, administrators, and representatives, waive all rights and benefits afforded
by § 1542 of the Civil Code of the State of California (and other similar statutes and regulations),
and do so understanding the significance of that waiver.  Section 1542 states:

> **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE
> CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT
> TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING
> THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD
> HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH
> THE DEBTOR OR RELEASED PARTY.**

     6.7    **Covenant Not To Sue By Settling Franchisee Plaintiffs**:  In addition to the
above limited release, the Settling Franchisee Plaintiffs agree not to sue any or all of the
Released Entities in any forum, including any arbitral forum, for any claim covered by the
waiver and release as described in Section 6.5 of the Agreement, except that they may bring a
claim to enforce this Agreement.  The Settling Franchisee Plaintiffs also agree not to participate
in any class or collective action against any or all of the Released Entities for any claim covered
by the waiver and release as described in Section 6.5 of the Agreement.

7.    **OTHER TERMS**

     7.1    **No Admission Of Liability**:  By settling this matter, PJI does not admit liability
of any kind.  The Parties agree that this Agreement shall not constitute an admission of any
liability or the accuracy of any charging allegation.  This Agreement reflects the Parties' good
faith compromise of the claims raised in the Litigation, based upon their assessment of the
mutual risks and costs of further litigation.  Specifically, PJI denies that it maintained any pay or
employment practices that failed to comply with the FLSA or any state wage and hour laws, and
denies that it otherwise violated any federal or state laws.  PJI also denies that the Litigation can
be certified as a class action or a collective action or tried as a class action or a collective action
and reserves its right to argue that the Litigation should not be certified as a class action or a
collective action or tried as a class action or a collective action in the event that the Settlement is
not fully approved.  PJI further denies that it is a joint-employer of the Franchisee Plaintiffs.  In
addition, in the event that the Settlement is not fully approved, PJI reserves its right to enforce
arbitration on an individual, bi-lateral basis against any Participating Plaintiff who is subject to
an arbitration agreement with PJI, and against any Franchisee Plaintiff who is subject to an
arbitration agreement as the Franchisee Plaintiff's alleged joint-employer and/or as a third-party
beneficiary under such arbitration agreement, as applicable.  Furthermore, the Parties agree that

this Agreement does not constitute an adjudication of the merits of the Litigation or any other matters released in this Agreement. Accordingly, the Parties agree that none of them has prevailed on the merits, nor shall this Agreement serve to be construed as evidence that any Party has so prevailed or that PJI or the Released Entities have engaged in any wrongdoing. This Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce its terms.

7.2     **Fair, Adequate, And Reasonable Settlement**: The Parties agree that the Settlement is fair, adequate, and reasonable, and will so represent to the Court.

7.3     **Blow Up Provision**: The Parties agree that if 10% or more of the Participating Plaintiffs exercise their right to withdraw their consent and be excluded from the Settlement, PJI will have the unilateral right to declare the Settlement void.

7.4     **Confidentiality**: The Parties and their Counsel agree to maintain confidentiality until the filing of the papers in Court for approval of the Settlement as to the amount of the Gross Settlement Fund, and all terms of the Settlement, except as to spouses, tax or financial advisors, attorneys, taxing agencies, or as otherwise required by law, and except as necessary to obtain court approval of this Settlement. Neither Plaintiff Ponder nor Collective Action Counsel will publicize, contact the media, or disclose any information about this Settlement or the settlement negotiation process, including that Collective Action Counsel will not post the terms of the Settlement on their websites or initiate contact with the media about the Settlement terms or negotiations. If contacted by the media regarding the settlement, Plaintiff Ponder and Collective Action Counsel may state only that "the Parties have reached a Settlement subject to court approval." Plaintiff Ponder and Collective Action Counsel agree that they will not circumvent this agreement by facilitating or encouraging any Participating Plaintiff or Franchisee Plaintiff to do what they have agreed not to do.

7.5     **Effect Of Failure To Grant Approval**: If the Court does not approve any material term or condition of the Agreement (except for a modification of the attorneys' fees or Service Award), or if the Court effects a material change, or if any appellate court per an appeal fails to approve the Settlement, the Parties shall proceed as follows:  (i) the terms of this Agreement shall be voidable and unenforceable, subject to the Parties' agreement to the contrary; (ii) the Parties will retain all rights and defenses in this Litigation; and (iii) all negotiations and information and materials pertaining to the Settlement will be inadmissible.

7.6     **Extension Of Time**: Without further order of the Court, where applicable, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of this Agreement.

7.7     **No Prior Assignments**: The Parties represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights released and discharged in this Settlement.

7.8     **Enforcement Actions**: In the event that any Party institutes any legal action or other proceeding to enforce the provisions of this Agreement or to declare rights and/or

obligations under this Agreement, the prevailing Party shall be entitled to recover from the non-prevailing Party reasonable attorneys' fees and costs, including expert witness fees, to the extent allowable by law.

7.9     **Integration**:  This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein and supersede all prior negotiations, agreements, arrangements, and undertakings, with respect to the matters set forth herein, including but not limited to the Parties' MOU, executed on January 21, 2020.  No representations, warranties, or inducements have been made to any Party concerning this Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

7.10     **Construction**:  The Parties agree that the terms and conditions of this Settlement are the result of intensive arm's-length negotiations between the Parties, and that the Settlement shall not be construed in favor of or against any Party by reason of the extent to which any Party or her or his or its counsel participated in the drafting of this Settlement.

7.11     **Captions And Interpretations**:  Paragraph titles or captions contained in this Settlement are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement or any of its provisions.

7.12     **No Other Representations**:  The Parties acknowledge that no promises or agreements not contained herein have been made with respect to the claims released herein; that this Agreement is not executed in reliance on any statement or representation made by the other or by any person employed by or representing the other Party other than the statements contained in the Agreement itself and that the terms of this Agreement are contractual and not merely recitals.

7.13     **Continuing Jurisdiction**:  The Court shall retain continuing jurisdiction to ensure the implementation of the provisions of the Agreement.

7.14     **Choice Of Law**:  The enforcement of this Agreement shall be governed and interpreted using the laws of the State of California, without regard to the residence of any Party to this Agreement.

7.15     **Waiver**:  The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed a waiver of any prior or subsequent breach of this Agreement.

7.16     **Amendments/Modifications**:  This Agreement constitutes the entire agreement of the Parties concerning the subjects contained herein.  No waiver, modification or amendment of the terms of this Agreement, whether made before or after the Court's approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Parties and then only to the extent set forth in such written waiver, modification or amendment, subject to any required Court approval.  Any failure by any Party to insist on the strict performance by the other Party of any of the provisions of this Agreement shall not be deemed a waiver of any of the other provisions of this Agreement, and such Party, notwithstanding such failure, shall have the right thereafter to insist on the specific performance of any portion of this Agreement.

7.17 **Binding On Assigns**: This Agreement shall be binding on and inure to the benefit of the Parties, their affiliates, agents, employees, beneficiaries, heirs, executors, administrators, successors, and assigns.

7.18 **Counterparts / Original Signatures**: The Parties may execute this Agreement in counterparts, which shall have the same force and effect as if the Parties had signed the same instrument. Any signature made and transmitted by .PDF or facsimile for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding on the Party who transmits the signature page by .PDF or facsimile.

7.19 **Corporate Signatories**: Any person executing this Agreement or any such related documents on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Agreement or any such related documents.

7.20 **Notices**: Unless otherwise specifically provided herein, all notices, demands, reports, or other communications given hereunder shall be in writing and addressed as follows:

To Collective Action Counsel/Counsel For Plaintiffs:

Todd Slobin
Ricardo J. Prieto
Melinda Arbuckle
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Fax: (713) 621-0993
Email: tslobin@eeoc.net
Email: rprieto@eeoc.net
Email: marbuckle@eeoc.net

Allen R. Vaught
VAUGHT FIRM, LLC
1910 Pacific Avenue, Suite 9150
Dallas, Texas 75201
Telephone: (214) 675-8603
Fax: (214) 261-5159
Email: allen@vaughtfirm.com

To Defense Counsel:

Gerald L. Maatman, Jr.
Michael D. Jacobsen
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000

Fax:  (312) 460-7000
Email:  gmaatman@seyfarth.com
Email:  mjacobsen@seyfarth.com

Jill A. Porcaro
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Fax: (310) 201-5219
Email:  jporcaro@seyfarth.com

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS BEEN READ AND FULLY UNDERSTOOD BEFORE SIGNING THIS AGREEMENT.

**PLAINTIFF SARAH PONDER**

Date: 03-22-2020

**DEFENDANT PAPA JOHN'S INTERNATIONAL, INC.**

By: _____
Printed Name: _____
Title: _____

Date: _____

Settlement And Release Agreement

61485886v.2

Fax:  (312) 460-7000
Email:  gmaatman@seyfarth.com
Email:  mjacobsen@seyfarth.com

Jill A. Porcaro
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Fax: (310) 201-5219
Email:  jporcaro@seyfarth.com

THE FOREGOING SETTLEMENT AGREEMENT AND RELEASE OF ALL CLAIMS HAS
BEEN READ AND FULLY UNDERSTOOD BEFORE SIGNING THIS AGREEMENT.

**PLAINTIFF SARAH PONDER**

_____

Date: _____

**DEFENDANT PAPA JOHN'S
INTERNATIONAL, INC.**

By: Caroline Oyler /gm
Printed Name: Caroline Oyler
Title: Senior Vice President General Counsel

Date: March 23, 2020

**ATTORNEYS FOR PLAINTIFFS:**     **ATTORNEYS FOR DEFENDANT:**



_____

Todd Slobin
Ricardo J. Prieto
Melinda Arbuckle
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Fax: (713) 621-0993
Email: tslobin@eeoc.net
Email: rprieto@eeoc.net
Email: marbuckle@eeoc.net




_____

Allen R. Vaught
VAUGHT FIRM, LLC
1910 Pacific Avenue, Suite 9150
Dallas, Texas 75201
Telephone: (214) 675-8603
Fax: (214) 261-5159
Email: allen@vaughtfirm.com

_____

Gerald L. Maatman, Jr.
Michael D. Jacobsen
SEYFARTH SHAW LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Fax: (312) 460-7000
Email: gmaatman@seyfarth.com
Email: mjacobsen@seyfarth.com

Jill A. Porcaro
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Fax: (310) 201-5219
Email: jporcaro@seyfarth.com

Amanda I. Fry
SEYFARTH SHAW LLP
601 South Figueroa Street, Suite 3300
Los Angeles, California 90017
Telephone: (213) 270-9600
Fax: (213) 270-9601
Email: afry@seyfarth.com

**ATTORNEYS FOR PLAINTIFFS:**                    **ATTORNEYS FOR DEFENDANT:**

---

Todd Slobin                                      Gerald L. Maatman, Jr.
Ricardo J. Prieto                                Michael D. Jacobsen
Melinda Arbuckle                                 SEYFARTH SHAW LLP
SHELLIST LAZARZ SLOBIN LLP                       233 South Wacker Drive, Suite 8000
11 Greenway Plaza, Suite 1515                    Chicago, Illinois 60606
Houston, Texas 77046                             Telephone:  (312) 460-5000
Telephone: (713) 621-2277                        Fax:  (312) 460-7000
Fax: (713) 621-0993                              Email:  gmaatman@seyfarth.com
Email:  tslobin@eeoc.net                         Email:  mjacobsen@seyfarth.com
Email:  rprieto@eeoc.net
Email:  marbuckle@eeoc.net                       Jill A. Porcaro
                                                 SEYFARTH SHAW LLP
                                                 2029 Century Park East, Suite 3500
*Allen R. Vaught*                                Los Angeles, California 90067
                                                 Telephone: (310) 277-7200
---                                              Fax: (310) 201-5219
Allen R. Vaught                                  Email:  jporcaro@seyfarth.com
VAUGHT FIRM, LLC
1910 Pacific Avenue, Suite 9150                  Amanda I. Fry
Dallas, Texas 75201                              SEYFARTH SHAW LLP
Telephone: (214) 675-8603                        601 South Figueroa Street, Suite 3300
Fax: (214) 261-5159                              Los Angeles, California 90017
Email:  allen@vaughtfirm.com                     Telephone:  (213) 270-9600
                                                 Fax: (213) 270-9601
                                                 Email:  afry@seyfarth.com

Settlement And Release Agreement

61485886v.2

**ATTORNEYS FOR PLAINTIFFS:**                    **ATTORNEYS FOR DEFENDANT:**

_____              _____

Todd Slobin                                     Gerald L. Maatman, Jr.
Ricardo J. Prieto                               Michael D. Jacobsen
Melinda Arbuckle                                SEYFARTH SHAW LLP
SHELLIST LAZARZ SLOBIN LLP                      233 South Wacker Drive, Suite 8000
11 Greenway Plaza, Suite 1515                   Chicago, Illinois 60606
Houston, Texas 77046                            Telephone:  (312) 460-5000
Telephone: (713) 621-2277                       Fax:  (312) 460-7000
Fax: (713) 621-0993                             Email:  gmaatman@seyfarth.com
Email: tslobin@eeoc.net                         Email:  mjacobsen@seyfarth.com
Email: rprieto@eeoc.net
Email: marbuckle@eeoc.net                       Jill A. Porcaro
                                                SEYFARTH SHAW LLP
                                                2029 Century Park East, Suite 3500
                                                Los Angeles, California 90067
                                                Telephone: (310) 277-7200
_____              Fax: (310) 201-5219
                                                Email:  jporcaro@seyfarth.com
Allen R. Vaught
VAUGHT FIRM, LLC                                Amanda I. Fry
1910 Pacific Avenue, Suite 9150                 SEYFARTH SHAW LLP
Dallas, Texas 75201                             601 South Figueroa Street, Suite 3300
Telephone: (214) 675-8603                       Los Angeles, California 90017
Fax: (214) 261-5159                             Telephone:  (213) 270-9600
Email:  allen@vaughtfirm.com                    Fax: (213) 270-9601
                                                Email:  afry@seyfarth.com

Settlement And Release Agreement

# EXHIBIT A

Participating Opt-In Plaintiffs

| Number | Last Name | First Name | Date Joined |
|--------|-----------|------------|-------------|
| 1 | Andres | Bryce | 7/17/2018 |
| 2 | Billings | Tanner | 9/10/2019 |
| 3 | Dixon | Ashley | 6/18/2019 |
| 4 | Elliott | Kristina | 8/6/2018 |
| 5 | Lee | Rami | 7/15/2019 |
| 6 | Salamin | Tariq | 8/16/2018 |
| 7 | Sanchez | Realena | 9/13/2018 |

# EXHIBIT B

Franchisee Opt-In Plaintiffs

| Number | Last Name | First Name | Date Joined |
|--------|-----------|------------|-------------|
| 1 | Abukhzaam | Amad | 7/2/2018 |
| 2 | Arnold | Steven | 8/16/2018 |
| 3 | Berg | Jamie | 7/16/2019 |
| 4 | Bisping | Jennifer | 8/6/2018 |
| 5 | Brooks | Sandra | 9/4/2018 |
| 6 | Brown | Cynthia | 9/14/2018 |
| 7 | Brown | Hayley | 7/25/2018 |
| 8 | Carroll | Justin | 6/26/2018 |
| 9 | Castaneda | Yoshua | 7/16/2018 |
| 10 | Coleman | Donnell | 7/9/2019 |
| 11 | Colvin | Daniel | 7/27/2018 |
| 12 | Copprell | Richard | 7/20/2018 |
| 13 | Davis | Lauren | 9/6/2018 |
| 14 | Dunn | David | 7/16/2018 |
| 15 | Edwards | Dorothy | 9/17/2018 |
| 16 | Egan | Kristi | 7/17/2018 |
| 17 | Elliott | Nicholas | 6/25/2018 |
| 18 | Ellis | James | 9/13/2018 |
| 19 | Estes | Kristy | 7/16/2018 |
| 20 | Evans | Sara | 7/15/2019 |
| 21 | Faulkner | Brittany | 7/6/2018 |
| 22 | Feagan | Destiny | 7/6/2018 |
| 23 | Fields | Ethan | 7/16/2018 |
| 24 | Fillmore | Benjamin | 9/11/2019 |
| 25 | Finley | Alan | 8/27/2019 |
| 26 | Fletcher | JT | 8/6/2018 |
| 27 | Foy | Jerrod | 8/15/2018 |
| 28 | Freeman | Rebekah | 6/25/2018 |
| 29 | Futema | Shaun | 9/11/2018 |
| 30 | Garcia | Frances | 7/19/2018 |
| 31 | Garcia | Julia | 9/7/2018 |
| 32 | Gerhard | Matthew | 9/11/2018 |
| 33 | Goodrich | Brianna | 8/30/2018 |
| 34 | Guzman | Michelle | 8/22/2018 |
| 35 | Hall | Angela | 6/25/2018 |
| 36 | Hamilton | Towanna | 9/12/2018 |
| 37 | Hansford | Chad | 7/26/2018 |
| 38 | Harris | Suzanne | 9/13/2018 |
| 39 | Hawn | Nichole | 9/4/2018 |
| 40 | Hernandez | Kaylenn | 7/27/2018 |
| 41 | Hill-Robinson | Jessica | 7/6/2018 |
| 42 | Hilson | Meosha | 10/18/2018 |

| Number | Last Name | First Name | Date Joined |
|---|---|---|---|
| 43 | Hitchcock | Joshua | 7/6/2018 |
| 44 | Hoff | Lyle | 8/22/2018 |
| 45 | Howlett | Liam | 7/11/2018 |
| 46 | Johnson | Marcus | 8/6/2018 |
| 47 | Johns-Rimmer | Anna | 7/16/2018 |
| 48 | Joseph | Shaquille | 7/20/2018 |
| 49 | Kay | Michael | 7/16/2018 |
| 50 | Ladin | Kevin | 5/17/2018 |
| 51 | Levesque | Sara | 7/16/2018 |
| 52 | Lobb | Brodie | 7/16/2018 |
| 53 | Mackey | Phaelann | 8/3/2018 |
| 54 | Maltbie | Caitlin | 5/17/2018 |
| 55 | Marquez | Anna | 10/21/2019 |
| 56 | Maslin | Linda | 9/26/2018 |
| 57 | Matos | Daniel | 7/18/2018 |
| 58 | May | Kimberly | 9/13/2018 |
| 59 | McDowell | Kalynn | 8/7/2019 |
| 60 | Mellon | Robyn | 9/28/2018 |
| 61 | Monroe | Duane | 10/1/2018 |
| 62 | Morris | Devonta | 8/3/2018 |
| 63 | Nelms | Tina | 8/13/2018 |
| 64 | Pelfrey | Richard | 9/6/2019 |
| 65 | Pike | Lianna | 6/25/2018 |
| 66 | Polk | Patricia | 7/11/2019 |
| 67 | Preis | Robert | 7/27/2018 |
| 68 | Ramirez | Noe | 5/17/2018 |
| 69 | Sewpersaud | Shane | 5/17/2018 |
| 70 | Shepherd | Arbin | 8/10/2018 |
| 71 | Sofos | Andrew | 9/14/2018 |
| 72 | Soto | Jean | 5/17/2018 |
| 73 | Southern | Anthony | 8/2/2018 |
| 74 | Sunnerville | Jaydon | 7/6/2018 |
| 75 | Thomas | Lauren | 8/6/2018 |
| 76 | Thomas | Shawn | 8/23/2018 |
| 77 | Thompson | Martha | 9/5/2018 |
| 78 | Tolen | King | 9/11/2018 |
| 79 | Twine | Gabriel | 5/17/2018 |
| 80 | Varney | Florina | 7/22/2019 |
| 81 | Washington | Erica | 5/17/2018 |
| 82 | Wells | Destiny | 10/3/2018 |
| 83 | Whaley | Michael | 7/18/2018 |
| 84 | White | Mahesh | 5/17/2018 |

| Number | Last Name | First Name | Date Joined |
|--------|-----------|------------|-------------|
| 85 | Williams | Savannah | 7/6/2018 |
| 86 | Wilson | Mary | 8/16/2018 |
| 87 | Wright | Kevonne | 7/16/2018 |

# EXHIBIT C

Participating Plaintiff Settlement Notice

# *Avalos, et al. v. Papa John's International, Inc., et al.,* 18-CV-00871 (C.D. Cal.)

The Court in this case authorized this notice.  This is not a solicitation.

This is not a lawsuit against you and you are not being sued.

However, your legal rights are affected whether you act or don't act.

## NOTICE OF COLLECTIVE ACTION SETTLEMENT,

## YOUR RIGHTS, AND OPTIONS TO CONSIDER

If you were employed by Papa John's International, Inc. ("PJI") as a non-exempt hourly-paid employee, who worked at any location in the United States owned by PJI at any time between May 17, 2015 and January 21, 2020, and completed training using the Cornerstone Learning Management System, YOU MAY RECEIVE MONEY FROM THE COURT-APPROVED COLLECTIVE ACTION SETTLEMENT DESCRIBED HEREIN IF YOU FOLLOW THE CLAIMS PROCEDURE EXPLAINED IN THIS NOTICE.

UNDER THE SETTLEMENT, FOR EVERY WORKWEEK DURING THE TIME PERIOD OF MAY 17, 2015 THROUGH JANUARY 21, 2020, IN WHICH YOU WORKED, YOUR ESTIMATED PAYMENT FOR EACH SUCH WEEK IS BASED ON YOUR PRO RATA SHARE OF WORKWEEKS IN COMPARISON WITH ALL WORKWEEKS WORKED BY ALL MEMBERS OF THE COLLECTIVE ACTION, AS WELL AS BASED ON WHETHER YOU ARE SUBJECT TO AN ARBITRATION AGREEMENT WITH PJI.  ALL PAYMENTS ARE SUBJECT TO APPLICABLE TAXES, HOWEVER PJI WILL BE SOLELY RESPONSIBLE FOR THE EMPLOYER-SIDE PORTION OF PAYROLL TAXES.

**TO CLAIM YOUR SHARE OF THE SETTLEMENT**:  You must complete, sign, date & mail the enclosed Consent, Claim Form and Release postmarked on or before [insert date that is 60 days of mailing notice packets].

## IMPORTANT NOTE:  PJI SUPPORTS THE SETTLEMENT AND WILL NOT RETALIATE IN ANY WAY AGAINST ANY COLLECTIVE ACTION MEMBER WHO PARTICIPATES IN THE SETTLEMENT

### *PLEASE READ THIS NOTICE CAREFULLY*

### 1.   What Is The Purpose Of This Notice?

The purpose of this Notice is to let you know that there is a collective action lawsuit pending in the U.S. District Court for the Central District of California, that you may be a member of the Collective Action in this lawsuit, AND THAT YOU MAY BE ENTITLED TO A PAYMENT AS PART OF THE SETTLEMENT OF THIS ACTION.

On May 17, 2018, Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, and Alvin English filed a lawsuit against PJI in the U.S. District Court for the Central District of California, Case No. 8:18-CV-00871, seeking unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as a collective action, along with separate class claims under California and New York state law.  On [___], the lawsuit was amended to name Sarah Ponder as an additional Plaintiff and to strike all of the class and/or collective claims of the other Plaintiffs.  Sarah Ponder is known as "Plaintiff" or "Collective Action Representative."  Together, Plaintiff and PJI are known as "the Parties."

This lawsuit alleges that during the time period alleged, PJI required Plaintiff and other similarly situated persons to engage in mandatory training through its corporate website without paying them for the time they spent performing such work and that, as a result, Plaintiff and the other similarly situated persons were denied minimum wages and/or overtime wages in violation of the FLSA.  PJI denies those allegations.

On December 27, 2019, after good-faith, arms-length negotiations presided over by two experienced and well-respected mediators, the Parties reached an agreement to settle this lawsuit ("Settlement").

The Settlement represents a compromise and settlement of highly disputed claims.  Nothing in the Settlement is intended to or will be construed as an admission by PJI that Plaintiff's claims in this lawsuit have merit or that it has any liability to Plaintiff or the Collective Action Members on those claims.

Plaintiff, PJI, and their respective counsel have concluded that the Settlement is advantageous considering the risks and uncertainties to each side of continued litigation.  The Parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of all Parties and Collective Action Members.

On [____], the Court entered an order that:

1.      Certified the Collective Action for settlement purposes only;
2.      Granted approval of the proposed Settlement;
3.      Ordered that the law firms of Shellist Lazarz Slobin LLP, and Vaught Firm, LLC shall serve as Collective Action Counsel;
4.      Ordered that Sarah Ponder shall serve as Collective Action Representative;

5.      Granted approval of this Notice, which includes a schedule and procedures for each potential claimant to file a Consent, Claim Form and Release; and

6.      Ordered dismissal of the claims of Sarah Ponder and the Participating Plaintiffs who sign and return the Consent, Claim Form and Release, with prejudice; and entering final judgment dismissing them from the Litigation.

The following is a summary of the Settlement provisions.  The specific and complete terms of the proposed Settlement are stated in the **Settlement and Release Agreement**, a copy of which is filed with the Clerk of the Court, U.S. District Court, Central District of California.

## 2.      Why Did Plaintiff Seek Settlement Approval?

Plaintiff seeks approval of the Settlement because she reached a proposed Settlement with PJI which she believes is fair, reasonable, adequate, and in the best interests of the Collective Action Members and all Parties.

## 3.      What Is PJI's Positions On Settlement?

PJI views this Settlement as a compromise and an effort to avoid additional litigation expenses.  It is not admitting to the allegations in the lawsuit.  PJI denies that any of its practices at issue in this lawsuit were, or are, unlawful and reserves the right to object to all claims if the Settlement is not finalized for any reason.  The Court file has the Settlement documents with more information on this lawsuit and the proposed Settlement.

## 4.      Why Did I Get This Notice?

You received this notice because PJI's records identify you as a potential member of the Collective Action Settlement.  You may submit the enclosed Consent, Claim Form and Release to get your share of the Settlement if:  (1) you were employed by PJI; (2) as a non-exempt, hourly-paid employee; (3) who worked at any location in the United States owned by PJI between May 17, 2015 and January 21, 2020; and (4) completed training using the Cornerstone Learning Management System.

## 5.      Who Are The Parties In This Collective Action?

Sarah Ponder is the Plaintiff in this action on behalf of herself and on behalf of all similarly situated former and current employees working as defined above.

Papa John's International, Inc. is the Defendant.

## 6.      What Will I Receive From The Settlement And What Is The Method For Calculating Settlement Payments?

PJI will make a Settlement Payment based on the settlement formula set forth below to each individual who returns the enclosed Consent, Claim Form and Release signed, dated, and postmarked on or before

[____] ("Collective Action Member"). Each Collective Action Member who has submitted a signed, dated and timely postmarked Consent, Claim Form and Release will receive her or his proportional share of the Settlement based on the number of workweeks she or he worked during the relevant period of time in relation to the number of workweeks worked by all Collective Action Members, as well as based on whether the Collective Action Member is subject to an arbitration agreement with PJI. Settlement Payments to Collective Action Members for tax purposes will be treated as follows: 50% of the payment to Plaintiff and each Collective Action Member shall constitute wages from which the employer's and employee's applicable payroll taxes shall be withheld, and reported on an IRS Form W-2. The remaining 50% of the Settlement Payment to Plaintiff and each Collective Action Member shall constitute liquidated damages and/or penalties reported on an IRS Form 1099.

Under the Settlement, you are eligible to receive an estimated payment (your share of the Settlement) based on a pro rata share of the Net Settlement Fund (the funds available for distribution to the Collective Action Members after subtracting amounts for gift cards, a reasonable service award, attorneys' fees, costs of litigation, settlement administration, and any other costs). First, your total number of workweeks will be calculated. Second, your total number of workweeks shall then be reduced by 50% if you are subject to an arbitration agreement with PJI. Third, your resulting total number of workweeks (following the 50% reduction, if applicable) shall be divided by the sum of all the workweeks of all of the Collective Action Members (following the 50% reduction for those Collective Action Members who are subject to an arbitration agreement with PJI), and the resulting fraction shall be multiplied by the Net Settlement Fund amount.

For instance, if you worked a total of 100 such workweeks during the relevant period and are subject to an arbitration agreement with PJI, the gross amount of your Settlement Payment would be calculated as follows:

(100 workweeks x 50%) / 2,091,770 (total number of workweeks worked by Collective Action Members, following the 50% reduction for those Collective Action Members who are subject to an arbitration agreement with PJI) x $2,105,400 (Net Settlement Fund amount) = $50.33

As another example, if you worked a total of 100 such workweeks during the relevant period and are not subject to an arbitration agreement with PJI, the gross amount of your Settlement Payment would be calculated as follows:

100 workweeks / 2,091,770 (total number of workweeks worked by Collective Action Members, following the 50% reduction for those Collective Action Members who are subject to an arbitration agreement with PJI) x $2,105,400 (Net Settlement Fund amount) = $100.65

Based on the formula described above, your Settlement Payment is estimated to be: [____].

Your Settlement Payment will be mailed to you no later than forty-four (44) days after the Settlement Administrator has received your timely and correctly completed Consent, Claim Form and Release.

7.     __Who Are The Attorneys Representing The Parties?__

**For Plaintiff and the Collective Action ("Collective Action Counsel"):**

Todd Slobin
Ricardo J. Prieto
Melinda Arbuckle
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Fax: (713) 621-0993
Email:  tslobin@eeoc.net
Email:  rprieto@eeoc.net
Email:  marbuckle@eeoc.net

Allen R. Vaught
VAUGHT FIRM, LLC
1910 Pacific Avenue, Suite 9150
Dallas, Texas 75201
Telephone: (214) 675-8603
Fax: (214) 261-5159
Email:  allen@vaughtfirm.com

**For PJI:**

Gerald L. Maatman, Jr.
Michael D. Jacobsen
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Fax:  (312) 460-7000
Email:  gmaatman@seyfarth.com
Email:  mjacobsen@seyfarth.com

Jill A. Porcaro
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Fax: (310) 201-5219
Email:  jporcaro@seyfarth.com

8.     __What Is The Proposed Settlement?__

A.     **Gross Settlement Amount.**

PJI has agreed to pay all valid and timely claims of Collective Action Members through the Settlement Administrator in accordance with the terms of the Settlement Agreement.  The Settlement is funded up to Three Million Four Hundred Thousand Dollars ($3,400,000.00), the "Gross Settlement Amount." After deductions in the amounts as set forth below, the remaining sum will be allocated entirely on a proportional basis to all Collective Action Members who submit timely Consents, Claim Forms and Releases ("Net Settlement Fund").

B.     **Franchisee Plaintiff Gift Cards.**

The four individuals who initiated this lawsuit against PJI and 88 other individuals who have opted-in to participate in this lawsuit since then were not employed by PJI at PJI's corporate-owned stores but rather are understood to have worked at various independently owned and operated Papa John's

franchisees.  These individuals are eligible to receive Papa John's gift cards to resolve their claims.  The cost of the gift cards will be deducted from the Settlement.  The gift cards are estimated to be $50.

**C.    Collective Representative Service Award.**

The Court has awarded Plaintiff a separate payment in the amount of $5,000 for serving as representative for the Collective Action Members, including her willingness to accept the risk for the payment of costs in the event of an unsuccessful outcome.  The Collective Action Representative Service Award will be deducted from the Gross Settlement Amount.  PJI did not oppose this request.

**D.    Attorneys' Fees And Litigation Expenses Of Collective Action Counsel.**

The Court awarded Collective Action Counsel their fair and reasonable attorneys' fees and costs in their representation of Plaintiff in this matter.  Collective Action Counsel will receive payment of attorneys' fees in an amount of $1,020,000 plus an estimated $80,000 in litigation costs, which will be deducted from the Gross Settlement Amount.

**E.    Settlement Administration Costs And Expenses.**

The costs of administering the Settlement will be deducted from the Settlement and are subject to Court approval.  The settlement administration expenses are estimated to be $185,000.

**9.    <u>What Are My Rights With Regard To This Matter?</u>**

If you are a Member of the Collective Action eligible to participate in this Settlement, you have two options.  Each option has its own consequences, which you should understand before making your decision.  Your rights regarding each option, and the procedure you must follow to select each option, follow.

**A.  Option One:  Participation As A Collective Action Member.**

To get a share from the Settlement you must sign and date the enclosed Consent, Claim Form and Release, and return it to the Settlement Administrator in the envelope enclosed for your convenience, or to the address shown below, post-marked on or before [_____].

*[Insert address here]*

***It is strongly recommended that you retain proof of your timely mailing until receipt of your Settlement Payment***.

Collective Action Counsel, appointed and approved by the Court for Settlement purposes only, will represent you.  The Settlement Administrator will process your Consent, Claim Form and Release and send you a check at a later date.

**B.  Option Two:  Do Nothing.**

If you do not return a signed, dated, and timely postmarked Consent, Claim Form and Release, you will not receive a Settlement Payment, and you will not release any claims against PJI.

**C.    Binding Nature Of Release And Judgment.**

The Release of Claims, shown below, and subsequent judgment will only bind Collective Action Members who have returned a dated, signed and timely Consent, Claim Form and Release.

**10.    Release Of All Wage & Hour Claims.**

By signing and timely returning the Consent, Claim Form and Release, and further by signing the back of the settlement payment check, you and each of your respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives releases all wage and hour claims made against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, or that reasonably could have arisen out of the same facts alleged in the Fifth Amended Complaint, whether known or unknown, accrued to this date including but not limited to any and all claims under the FLSA; any and all claims arising out of any state wage, minimum wage, or overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime compensation against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, accrued to this date, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries.

Further, the Parties agree that they shall request the Court to enter an order with settlement bar provisions providing that any Members who timely file a Consent, Claim Form and Release and who receive a settlement check shall be deemed to have released any and all wage claims limited to the factual allegations asserted in the Fifth Amended Complaint against PJI.

If the Settlement does not become final for any reason, the litigation will continue.

**11.    Additional Important Information.**

You will receive a Settlement Payment only if you return a signed and dated Consent, Claim Form and Release **post-marked on or before [_____].**

It is your responsibility to ensure that the Settlement Administrator has received your timely Consent, Claim Form and Release.  You may contact the Settlement Administrator at the toll-free number listed at the bottom of each page to confirm it has been timely received.  It also is your responsibility to **keep a current address on file** with the Settlement Administrator to ensure that you receive your Settlement Payment.

**12.**     **Who Can I Contact If I Have Further Questions?**

The Court-appointed Settlement Administrator for this Collective Action Settlement is:

[NAME]
[ADDRESS]
[TELEPHONE NUMBER]

**PLEASE DO NOT CALL THE COURT, PJI, or its supervisors, managers, human resources, etc., or attorneys to discuss this Settlement.**

If you have questions, you may call the Settlement Administrator, toll free at [ ].

Ask about the *Avalos* Settlement.

You may also call any of the attorneys listed as Collective Action Counsel in Section VII above.

# EXHIBIT D

Participating Plaintiff Consent, Claim Form and Release

# CONSENT, CLAIM FORM AND RELEASE

*Avalos, et al. v. Papa John's International,, Inc., et al.,*
Case No. 8:18-CV-00871 (C.D. Cal.)

Name: _____

Address: _____

# INSTRUCTIONS

If you wish to participate in the Collective Action Settlement in this litigation and receive your share of the Settlement Proceeds described in the accompanying Notice of Collective Action Settlement, YOU MUST COMPLETE, SIGN, DATE AND RETURN THIS CONSENT, CLAIM FORM, AND RELEASE POSTMARKED ON OR BEFORE [____, 2020], IN THE ENCLOSED POSTAGE-PAID RETURN ENVELOPE OR BY FIRST-CLASS U. S. MAIL, OR THE EQUIVALENT, TO THE FOLLOWING ADDRESS:

[Settlement Administrator Contact Information]
_____
Toll-Free:  1-800-_____

You should keep a copy of the completed Consent, Claim Form and Release ("Claim Form"), and the envelope reflecting the postmark date on which you mailed the Claim Form for your records.  Failure to provide any of the information requested may delay verification of the claim or result in rejection of the claim.  If you would like an acknowledgment of receipt for these documents, you may call the Settlement Administrator at the toll-free number shown above, or return your Claim Form Certified Mail, Return Receipt Requested.  If you move, you must immediately send your new address to the Settlement Administrator at the address listed above, otherwise, your Settlement Payment check may not reach you.

Only Collective Action Members or their legal representatives may submit a Claim Form.  Any executor, administrator, guardian, conservator, or trustee who submits a Claim Form on behalf of a Collective Action Member or his or her estate must: (1) sign the Claim Form on the Collective Action Member's behalf; (2) indicate his or her title as representative (*i.e.*, executor, trustee, etc.); and (3) submit proof of his or her authority to act on the Collective Action Member's behalf.

If you have questions about your claim or how to complete this Claim Form, you may call the Settlement Administrator,____, at 1-800-_____.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

# CONSENT, CLAIM FORM AND RELEASE
*(Please Type or Print)*

*Sofia Avalos, et al. v. Papa John's International,, Inc., et al.,*
Case No. 8:18-CV-00871 (C.D. Cal.)

This Consent, Claim Form and Release ("Claim Form") includes information based on Papa John's International, Inc.'s ("PJI's") records.  IT IS IMPORTANT THAT YOU CAREFULLY CHECK THE INFORMATION PROVIDED AND CORRECT ANY INACCURACIES.  You also must provide any information requested that is not already provided.

**NOTE:  This Claim Form <u>Must</u> Be Postmarked No Later Than [ ].**
----------------------------------------------------------------------------------------------------------------------------------

### CONSENT TO JOIN LITIGATION

I have reviewed the Notice of Collective Action Settlement accompanying this form, and I consent to join this lawsuit and have Collective Action Counsel represent me in this lawsuit pursuant to 29 U.S.C. § 216(b).

### CLAIM FORM

By signing below, I attest that I was employed by PJI as a non-exempt hourly-paid employee, who worked at any location in the United States owned by PJI at any time between May 17, 2015 and January 21, 2020, and completed training using the Cornerstone Learning Management System.

### RELEASE

By signing below, I (and each of my respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives) fully and finally discharge and release all wage and hour claims made against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, or that reasonably could have arisen out of the same facts alleged in the Fifth Amended Complaint, whether known or unknown, accrued to this date including but not limited to any and all claims under the Fair Labor Standards Act; any and all claims arising out of any state wage, minimum wage, or overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime compensation against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, accrued to this date, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries.

DATED: _____, 2020.       _____

                                                                    SIGNATURE      **[required]**


                                                                    _____

                                                                    [PRINT NAME] **[required]**


                                                                    _____

                                                                    [ADDRESS]      **[required]**


                                                                    _____

                                                                    [TELEPHONE NUMBER]   **[required]**

*Questions? Call 1-800-_____ Toll-Free*
**POSTMARK DEADLINE: _____, 2020**

# EXHIBIT E

Franchisee Plaintiff Settlement Notice

*Avalos, et al. v. Papa John's International, Inc., et al.,* **18-CV-00871 (C.D. Cal.)**

This is not a solicitation.  This is not a lawsuit against you and you are not being sued.

## NOTICE OF SETTLEMENT, YOUR RIGHTS, AND OPTIONS TO CONSIDER

Because you previously filed a consent to join the above referenced litigation but were not employed by Papa John's International, Inc. ("PJI") at a PJI corporate-owned store, you may receive a complimentary Papa John's Gift Card if you follow the procedure explained in this notice.

**TO CLAIM YOUR PAPA JOHN'S GIFT CARD**:  You must complete, sign, date & mail the enclosed Release postmarked on or before [insert date that is 60 days of mailing notice packets].

*PLEASE READ THIS NOTICE CAREFULLY*

### 1. What Is The Purpose Of This Notice?

The purpose of this Notice is to let you know that there is a lawsuit pending in the U.S. District Court for the Central District of California, AND THAT YOU MAY BE ENTITLED TO A PAPA JOHN'S GIFT CARD AS PART OF THE SETTLEMENT OF THIS ACTION.

On May 17, 2018, Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, and Alvin English filed a lawsuit against PJI in the U.S. District Court for the Central District of California, Case No. 8:18-CV-00871, seeking unpaid wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as a collective action, along with separate class claims under California and New York state law. On July 12, 2018, the lawsuit was amended to add Max Coover as a Plaintiff. Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, Alvin English, and Max Coover are known as "Plaintiffs." Together, Plaintiffs and PJI are known as "the Parties."

This lawsuit alleges that during the time period alleged, PJI required Plaintiffs and other similarly situated persons to engage in mandatory training through its corporate website without paying them for the time they spent performing such work and that, as a result, Plaintiffs and the other similarly situated persons were denied minimum wages and/or overtime wages in violation of the FLSA. PJI denies those allegations.

On December 27, 2019, after good-faith, arms-length negotiations presided over by two experienced and well-respected mediators, the Parties reached an agreement to settle this lawsuit ("Settlement").

The Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended to or will be construed as an admission by PJI that Plaintiffs' claims in this lawsuit have merit, that it has any liability to Plaintiffs or any other individuals on those claims, or that it is a joint-employer of Plaintiffs or any other individual who submitted a consent to join in the lawsuit but was not employed by PJI at a PJI corporate-owned store.

Plaintiffs, PJI, and their respective counsel have concluded that the Settlement is advantageous considering the risks and uncertainties to each side of continued litigation. The Parties and their counsel have determined that the Settlement is fair, reasonable, and adequate and is in the best interests of all Parties.

On [____, 2020], the Court entered an order that:

1.      Granted approval of the proposed Settlement; and
2.      Ordered dismissal of the claims of any individuals who previously filed consents to join this litigation and who sign and return the Release, with prejudice; and entering final judgment dismissing them from the Litigation.

The following is a summary of the Settlement provisions.  The specific and complete terms of the proposed Settlement are stated in the **Settlement and Release Agreement**, a copy of which is filed with the Clerk of the Court, U.S. District Court, Central District of California.

**2.**     **Why Did Plaintiffs Seek Settlement Approval?**

Plaintiffs seek approval of the Settlement because they reached a proposed Settlement with PJI which they believe is fair, reasonable, adequate, and in the best interests of all Parties.

**3.**     **What Is PJI's Position On Settlement?**

PJI views this Settlement as a compromise and an effort to avoid additional litigation expenses.  It is not admitting to the allegations in the lawsuit.  PJI denies that any of its practices at issue in this lawsuit were, or are, unlawful.  PJI further denies that it is a joint-employer of Plaintiffs or any other individual who submitted a consent to join in the lawsuit but was not employed by PJI at a PJI corporate-owned store.  PJI reserves the right to object to all claims if the Settlement is not finalized for any reason.  The Court file has the Settlement documents with more information on this lawsuit and the proposed Settlement.

**4.**     **Why Did I Get This Notice?**

You received this notice because you previously filed a consent to opt-in to this lawsuit but were not employed by PJI at a PJI corporate-owned store.

**5.**     **Who Are The Parties In This Lawsuit?**

Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll and Alvin English brought the action against Papa John's International, Inc. as the Defendant.  On July 12, 2018, the lawsuit was amended to add Max Coover as an additional Plaintiff.  On [____, 2020], the lawsuit was amended again to name Sarah Ponder as an additional Plaintiff to represent in the lawsuit certain individuals who were employed by PJI, and to strike all of the class and/or collective claims of Plaintiffs who were not employed by PJI at PJI corporate-owned stores.

**6.**     **What Will I Receive From The Settlement?**

Under the Settlement, you are eligible to receive a complimentary Papa John's Gift Card ("Gift Card") with a fixed dollar amount of $50.00.

Your Gift Card will be mailed to you no later than forty-four (44) days after the Settlement Administrator has received your timely and correctly completed Release.

**7.**     **How Can I Use The Gift Card?**

Use of the Gift Card that you are eligible to receive as part of this Settlement will be subject to PJI's Gift Card Terms and Conditions, available at papajohns.com/gift-cards.  The Gift Card may be applied

towards the purchase of food, beverage or gratuity from any participating Papa John's owned and affiliated restaurant location in the United States, including at any participating restaurant location owned and operated by PJI or any participating restaurant location independently owned and operated by a Papa John's franchisee.  The Gift Card may be used either in-store at the restaurant location, by telephone, or online at papajohns.com.  The Gift Card may be used in conjunction with any other Papa John's gift card, coupon, or discount.  The Gift Card may be used any day of the year.  You will not have to identify yourself or demonstrate your entitlement to the Gift Card under this Settlement in order to use the Gift Card.  The Gift Card will not have an expiration date.  The Gift Card will be freely-transferrable to third-parties.  The Gift Card will not be redeemable for cash, and you will not be entitled to the cash value of any balance remaining on the Gift Card, unless required by law.  You will not be entitled to a new Gift Card with any remaining balance and the Gift Card will not be replaced if the Gift Card is lost, stolen, damaged, or destroyed.  The Gift Card will be treated as non-wage income.

**8.**     **Who Are The Attorneys Representing The Parties?**

**For Plaintiffs:**

Todd Slobin
Ricardo J. Prieto
Melinda Arbuckle
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Fax: (713) 621-0993
Email: tslobin@eeoc.net
Email: rprieto@eeoc.net
Email: marbuckle@eeoc.net

Allen R. Vaught
VAUGHT FIRM, LLC
1910 Pacific Avenue, Suite 9150
Dallas, Texas 75201
Telephone: (214) 675-8603
Fax: (214) 261-5159
Email: allen@vaughtfirm.com

**For PJI:**

Gerald L. Maatman, Jr.
Michael D. Jacobsen
SEYFARTH SHAW, LLP
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone:  (312) 460-5000
Fax:  (312) 460-7000
Email:  gmaatman@seyfarth.com
Email:  mjacobsen@seyfarth.com

Jill A. Porcaro
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067
Telephone: (310) 277-7200
Fax: (310) 201-5219
Email:  jporcaro@seyfarth.com

**9.**     **What Are My Rights With Regard To This Matter?**

You have two options.  Each option has its own consequences, which you should understand before making your decision.  Your rights regarding each option, and the procedure you must follow to select each option, follow.

**A.      Option One:  Execute a Release and Receive a Gift Card.**

To receive a Gift Card, you must sign and date the enclosed Release, and return it to the Settlement Administrator in the envelope enclosed for your convenience, or to the address shown below, post-marked on or before [_____].

*[Insert address here]*

***It is strongly recommended that you retain proof of your timely mailing until receipt of your Gift Card***.

The Settlement Administrator will process your Release and send you a Gift Card at a later date.

**B.      Option Two:  Do Nothing.**

If you do not return a signed, dated, and timely postmarked Release, you will not receive a Gift Card, and you will not release any claims against PJI.

**C.      Binding Nature of Release and Judgment.**

The Release of Claims, shown below, and subsequent judgment will only bind individuals who have returned a dated, signed and timely Release.  Pursuant to the Settlement, however, this lawsuit will be dismissed with prejudice, regardless of which option you choose.

**10.      <u>Release Of All Wage & Hour Claims.</u>**

By signing and timely returning the Release, you and each of your respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives releases all wage and hour claims made against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, or that reasonably could have arisen out of the same facts alleged in the lawsuit, whether known or unknown, accrued to this date including but not limited to any and all claims under the FLSA; any and all claims arising out of any state wage, minimum wage, or overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime compensation against PJI and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, accrued to this date, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries.

If the Settlement does not become final for any reason, the litigation will continue.

**11.      <u>Additional Important Information.</u>**

You will receive a Gift Card only if you return a signed and dated Release **post-marked on or before [ ].**

It is your responsibility to ensure that the Settlement Administrator has received your timely Release. You may contact the Settlement Administrator at the toll-free number listed at the bottom of each page to confirm it has been timely received.  It also is your responsibility to **keep a current address on file** with the Settlement Administrator to ensure that you receive your Gift Card.

## 12.     Who Can I Contact If I Have Further Questions?

The Court-appointed Settlement Administrator for this Settlement is:

[NAME]
[ADDRESS]
[TELEPHONE NUMBER]

**PLEASE DO NOT CALL THE COURT, PJI, or its supervisors, managers, human resources, etc., or attorneys to discuss this Settlement.**

If you have questions, you may call the Settlement Administrator, toll free at **[_____]**.

Ask about the *Avalos* Settlement.

You may also call any of the attorneys listed as the attorneys representing Plaintiffs in Section VIII above.

# EXHIBIT F

Franchisee Plaintiff Release

# RELEASE

*Avalos, et al. v. Papa John's International,, Inc., et al.,*
Case No. 8:18-CV-00871 (C.D. Cal.)

Name: _____

Address: _____

# INSTRUCTIONS

If you wish to participate in the Settlement in this litigation and receive your complimentary Papa John's Gift Card described in the accompanying Notice of Settlement ("Gift Card"), YOU MUST COMPLETE, SIGN, DATE AND RETURN THIS RELEASE POSTMARKED ON OR BEFORE [____, 2020], IN THE ENCLOSED POSTAGE-PAID RETURN ENVELOPE OR BY FIRST-CLASS U. S. MAIL, OR THE EQUIVALENT, TO THE FOLLOWING ADDRESS:

[Settlement Administrator Contact Information]
_____
Toll-Free:  1-800-_____

You should keep a copy of the completed Release and the envelope reflecting the postmark date on which you mailed the Release for your records.  Failure to provide any of the information requested may delay verification of the claim or result in rejection of the claim.  If you would like an acknowledgment of receipt for these documents, you may call the Settlement Administrator at the toll-free number shown above, or return your Release Certified Mail, Return Receipt Requested.  If you move, you must immediately send your new address to the Settlement Administrator at the address listed above, otherwise, your Gift Card may not reach you.

Only you or your legal representative may submit a Release.  Any executor, administrator, guardian, conservator, or trustee who submits a Release on your behalf or on behalf of your estate must:  (1) sign the Release on your behalf; (2) indicate his or her title as representative (*i.e.*, executor, trustee, etc.); and (3) submit proof of his or her authority to act on  your behalf.

If you have questions about your claim or how to complete this Release, you may call the Settlement Administrator, __, at 1-800-_____.

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**

**THANK YOU FOR YOUR PATIENCE.**

# RELEASE

*(Please Type or Print)*

*Sofia Avalos, et al. v. Papa John's International,, Inc., et al.,*
Case No. 8:18-CV-00871 (C.D. Cal.)

**NOTE:  This Release <u>Must</u> Be Postmarked No Later Than [ ].**

-----------------------------------------------------------------------------------------------------------------------------------

## <u>RELEASE</u>

By signing below, I (and each of my respective past, present, and future attorneys, agents, heirs, guardians, executors, administrators, and representatives) fully and finally discharge and release all wage and hour claims made against Papa John's International, Inc. and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, or that reasonably could have arisen out of the same facts alleged in the lawsuit, whether known or unknown, accrued to this date including but not limited to any and all claims under the Fair Labor Standards Act; any and all claims arising out of any state wage, minimum wage, or overtime laws; and any claims relating to unpaid wages, minimum wage, and overtime compensation against Papa John's International, Inc. and its affiliates, related companies, and independent contractors, pursuant to any alleged employment/joint-employment relationship or apparent agency, accrued to this date, including any of these entities' predecessors and successors and, in their capacities as such, all of their present, past, and future directors, officers, employees, representatives, attorneys, insurers, reinsurers, agents and assigns, as well as all of these entities' affiliates, parent or controlling corporations, partners, divisions and subsidiaries.

DATED: _____, 2020.     _____

                                      SIGNATURE     **[required]**

                                      _____

                                      [PRINT NAME] **[required]**

                                      _____

                                      [ADDRESS]     **[required]**

                                      _____

                                      [TELEPHONE NUMBER]   **[required]**

*Questions? Call 1-800-_____Toll-Free*
**POSTMARK DEADLINE: _____, 2020**