# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SOFIA AVALOS et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PAPA JOHN'S INTERNATIONAL, INC.,<br><br>Defendant. | Case No. 8:18-cv-00871-DOC-JC<br><br>**ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT [216]** |

Before the Court is the unopposed Motion for Approval of FLSA Settlement ("Motion") (Dkt. 216), brought by Plaintiffs Sofia Avalos, Louis Breazil, Jared Carroll, Alvin English, and Max Coover ("Plaintiffs"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the unopposed Motion, the Court now GRANTS approval.

## I. Background

Plaintiffs, on behalf of themselves and others similarly situated, allege that Defendant Papa John's International, Inc. ("Defendant") violated the federal and state labor laws by requiring employees to complete mandatory training without compensation. There are approximately 120,000 putative settlement members who were employed at Defendant's corporate-owned stores (the "Participating Plaintiffs"). Defendant denies any wrongdoing and has litigated extensively against Plaintiffs' claims.

On July 31, 2019—more than a year after the case was filed—the parties informed the Court that they had scheduled a mediation. In advance of mediation, Defendant produced millions of pay-related records, and Plaintiffs hired an expert to process the data. The parties then engaged in two mediation sessions on October 14, 2019 and December 18, 2019, respectively. While neither mediation produced an agreement, the parties continued to negotiate and reached the FLSA Settlement now before the Court.

## II. Settlement Terms

Under the FLSA Settlement, Defendant will establish a fund of $3,400,000.00, to be allocated as follows:

Certain individuals—who filed a consent to join the litigation, but were employed by Papa John's Franchise locations (as opposed to Defendant's corporate-owned locations)—will receive $50.00 gift cards.

Plaintiffs' counsel will receive attorneys' fees in the amount of $1,020,000.00, or thirty percent of the total settlement fund. Up to $80,000.00 will be used to pay for the costs of litigation.

Up to $185,000.00 will be used to pay for the costs of settlement administration. The parties will select a third-party Settlement Administrator by mutual agreement after three competitive bids.

A service award of $5000 will be paid to Sarah Ponder, the Collective Action Representative.

The remaining amount of $2,105,400 will be distributed among the Participating Plaintiffs who properly submit a claim form. If any settlement checks remain uncashed for 180 days, the value of such checks will remain the property of Defendant.

### III. Notice Plan

In order to give notice of the FLSA Settlement, the Settlement Administrator will send via mail a short and plain statement (the "Settlement Notice") explaining the claims in this lawsuit, the terms of the FLSA Settlement, the payments to which the Participating Plaintiffs are entitled, how the payments will be calculated, the procedure for receiving a settlement payment, the risks of further litigation, and contact information for the Settlement Administrator and Plaintiffs' counsel in case the recipient has questions about the FLSA Settlement.

The Settlement Notice will be mailed to each Participating Plaintiff's last known address. If any Settlement Notice is returned as undeliverable, the Settlement Administrator will make one skip-trace search to attempt to ascertain the recipient's correct and current address.

Upon receipt of the Settlement Notice, Participating Plaintiffs shall have sixty days to submit a claim form to the Settlement Administrator. After the Settlement Administrator receives the funds from Defendant for individual settlement payments, the Settlement Administrator shall disburse payments to claimants within fourteen days.

### IV. Discussion

The Court finds that the parties have a number of bona-fide legal and factual disputes in this lawsuit, and that the FLSA Settlement is fair and reasonable, was reached via arms-length negotiations without fraud or collusion, and provides meaningful compensation to the Participating Plaintiffs. The Court also finds that the award of attorney's fees is reasonable in light of the scope and complexity of this case, and the risk to Plaintiffs' counsel in agreeing to

take the case on a contingency basis. The Court similarly approves of the service award to the Collective Action Representative (who is soon to be a named Plaintiff in the case), in recognition of her investigative work, attendance of meetings, and assumptions of risk in acting as a representative.

Finally, the Court finds that the parties' proposed Timeline for Claims Administration Process (Dkt. 221) will allow the FLSA Settlement to be administered in a reasonable amount of time.

## V. Disposition

For the reasons set forth above, the Court GRANTS Plaintiffs' Motion for Approval of FLSA Settlement and ADOPTS the parties' proposed schedule for settlement administration. The Court commends counsel on both sides of this action for their diligent efforts in reaching this settlement.

DATED: April 21, 2020

DAVID O. CARTER
UNITED STATES DISTRICT JUDGE